**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TIMOTHY LALONDE AND THERESA LALONDE,

                                                    Plaintiffs,

                v.

CITY OF OGDENSBURG, SAINT LAWRENCE COUNTY,
CITY OF OGDENSBURG POLICE DEPARTMENT, SAINT
LAWRENCE COUNTY SHERIFFS' DEPARTMENT,
OGDENSBURG POLICE DEPARTMENT CHIEF ROBERT
WESCOTT, COUNTY OF SAINT LAWRENCE SHERIFF
BROOKS BIGWARFE, POLICE OFFICERS CHARLES
SHAVER, DANIELLE PRYCE, JOSHUA SIRLES, SCOTT
WILSON, SHERIFF MATTHEW MERRIA and DOES 1-100,
INCLUSIVE,

                                                    Defendants.

Civil Action No.:
8:22-CV-00164-LEK-DJS

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ST. LAWRENCE COUNTY, ST. LAWRENCE COUNTY SHERIFF'S DEPARTMENT, ST. LAWRENCE COUNTY SHERIFF BROOKS BIGWARFE AND SHERRIFF MATTHEW MERRIA's MOTION TO DISMISS

Dated:    April 27, 2022

**HANCOCK ESTABROOK, LLP**
John L. Murad, Jr., Esq. (Bar Roll No. 102241)
Anneliese R. Aliasso, Esq. (Bar Roll No. 700385)
*Attorneys for Defendants Saint Lawrence County,*
*Saint Lawrence County Sheriffs' Department,*
*County of Saint Lawrence Sheriff Brooks Bigwarfe,*
*and Sheriff Matthew W. Merria*
1800 AXA Tower 1, 100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500

{H4700975.1}

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF FACTS ..................................................................... 2

STANDARD OF REVIEW ..................................................................... 5

ARGUMENT ............................................................................................. 6

   I.   OFFICER MERRIA IS ENTITLED TO PARTIAL DISMISSAL OF PLAINTIFF'S FIRST CAUSE OF ACTION ALLEGING VIOLATIONS OF CIVIL RIGHTS UNDER § 1983.................................................................................................... 6

      A.   *The Assault, Battery and False Imprisonment Claims Are Duplicative.* ..................... 6

      B.   *Plaintiffs' First Cause of Action Partially Fails Under the Group Pleading Doctrine.* 7

   II.   OFFICER MERRIA CANNOT BE ALLEGED TO BE BOTH A DIRECT PARTICIPANT AND HAVE FAILED TO INTERVENE, THUS, PLAINTIFFS' SECOND CAUSE OF ACTION MUST BE DISMISSED. ...................................... 7

      A.   *The Arrest* ........................................................................ 8

      B.   *Post-Arrest* ...................................................................... 8

      C.   *Fabrication of Evidence* ........................................................ 9

   III.   PLAINTIFFS HAVE NOT ALLEGED A MEETING OF THE MINDS SUFFICIENT TO ALLEGE A CONSPIRACY TO INTERFERE WITH MR. LALONDE'S RIGHTS OR TO DEPRIVE MR. LALONDE OF EQUAL PROTECTION, AND AS SUCH, PLAINTIFFS' FOURTH, NINTH AND TENTH CAUSES OF ACTION MUST BE DISMISSED. ................................................ 10

      A.   *Failure to Plead a Meeting of the Minds* .................................... 10

      B.   *Lack of a Discriminatory Motive* ............................................ 11

      C.   *Lack of Personal Involvement* ............................................... 12

      D.   *Because Plaintiffs' Conspiracy Claims Should be Dismissed, Plaintiffs' 10th Cause of Action for Failure to Prevent a Conspiracy Also Fails and Should be Dismissed.* ............. 13

   IV.   PLAINTIFFS FAIL TO ALLEGE ANY PATTERN OF PRACTICE OF ST. LAWRENCE COUNTY, AND AS SUCH, PLAINTIFFS SIXTH CAUSE OF ACTION FOR MUNICIPAL LIABILITY MUST BE DISMISSED. ................................. 13

      A.   *De Facto Policy* ................................................................. 14

      B.   *Failure to Train* ................................................................. 15

   V.   PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND SUPERVISION IMPROPERLY RESTS ON RESPONDEAT SUPERIOR, AND MUST BE DISMISSED.................................................................................. 16

**VI.     PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT FAILS TO STATE A CLAIM.**................... 19

   *A.     There Is No ADA Claim Against Individuals.*.............................................. 19

   *B.     Plaintiffs Have Failed to Allege the County Defendants Discriminated Against Mr. Lalonde Because of His Disabilities.* ..................................................................... 19

   *C.     The ADA Claim is Precluded by Plaintiffs' Excessive Force Claim.* ......................... 20

   *D.     Money Damages are Not Recoverable Under the ADA as Plaintiff has Failed to Plead Facts Showing Intentionality or Deliberate Indifference.* ......................................... 22

**VII.    PLAINTIFFS' STATE LAW CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED AS PLAINTIFFS FAIL TO ALLEGE THAT MRS. LALONDE WAS THREATENED WITH PHYSICAL HARM.**
.................................................................................................................................23

**VIII.   PLAINTIFFS' STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS TIME BARRED AND MUST BE DISMISSED.**............... 24

**IX.     PLAINTIFFS' THIRTEENTH CAUSE OF ACTION FOR NEGLIGENCE MUST BE DISMISSED AS CONDUCT CANNOT BE BOTH NEGLIGENT AND INTENTIONAL, AND, THERE IS NO COGNIZABLE CLAIM FOR NEGLIGENCE IN EFFECTUATING AN ARREST OR INITIATING PROSECUTION.**....................... 24

**CONCLUSION** ........................................................................................................ 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Anderson v. Branen*,
    17 F.3d 552 (2d Cir. 1994)..................................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................4, 5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)................................................................................................5

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) .........................................................................................6

*Baker v. Spinner*,
    8:18-cv-000950, 2019 WL 3430918 (N.D.N.Y. July 30, 2019)......................................15

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................5, 11

*Bernard v. United States*,
    25 F.3d 98 (2d Cir. 1994)................................................................................................25

*Bouche v. City of Mount Vernon*,
    No. 11 Civ. 5246(SAS), 2012 WL 987592 (S.D.N.Y. Mar. 23, 2012) ...........................9

*Bowman v. City of Middletown*,
    91 F. Supp.2d 644 (S.D.N.Y. Apr. 4, 2000) ...................................................................7

*Boyler v. City of Lakawanna*,
    287 F.Supp.3d 308 (W.D.N.Y. Feb. 27, 2018) ...............................................................6

*Brady v. IGS Realty Co., L.P.*,
    20-3512, 2021 WL 4302737 (2d Cir. 2021) ..................................................................10

*Bryant v. Ciminelli*,
    267 F.Supp 3d 467 (W.D.N.Y. July, 26, 2017) .......................................................17, 18

*Buari v. City of New York*,
    530 F. Supp.2d 356 (S.D.N.Y. Mar. 30, 2021).....................................................14, 15, 16

*Butchino v. City of Plattsburgh*,
    No. 8:20-cv-796, 2022 WL 137721 (N.D.N.Y. Jan 14, 2022) ......................................21

*Chillemi v. Town of Southampton*,
    943 F. Supp.2d 365 (E.D.N.Y. May 4, 2013) ...............................................................12

*Corazzini v. Litton Loan Servicing LLP*,
No. 1:09–CV–0199, 2010 WL 1132683 (N.D.N.Y. Mar. 23, 2010) ........................................5

*Crawley v. City of Syracuse*,
496 F. Supp.2d 718 (N.D.N.Y. Oct. 21, 2020) ........................................................................14

*Deferio v. City of Syracuse*,
770 F. App'x 587 (2d Cir. 2019) .............................................................................................13

*Doe v. Green*,
592 F. Supp.2d 523 (W.D.N.Y. Jan. 6, 2009) .........................................................................11

*Doe v. Pfrommer*,
148 F.3d 73 (2d Cir. 1998) ......................................................................................................20

*Durr v. Slator*,
2021 WL 3930704 (N.D.N.Y. Sept. 2, 2021) .....................................................................19, 24

*Dzwonczyk v. Syracuse City Police Dept.*,
710 F.Supp.2d 248 (N.D.N.Y. Dec, 22, 2008) .......................................................................23

*Figueroa v. Mazza*,
825 F.3d 89 (2d Cir. 2016) ........................................................................................................7

*Gagliardi v. Vil. of Pawling*,
18 F.3d 188 (2d Cir. 1994) ......................................................................................................13

*Gallop v. Cheney*,
642 F.3d 344 (2d Cir. 2011) ....................................................................................................11

*Graham v. Hendersonm*,
89 F.3d 75 (2d Cir. 1996) ........................................................................................................11

*Grant v. City of Syracuse*,
5:15-cv-445, 2017 WL 5564605 (N.D.N.Y. Nov. 17, 2017) ...................................................13

*Hayden v. Paterson*,
594 F.3d 150 (2d Cir. 2010) ......................................................................................................3

*Henderson v. Williams*,
No. 3:10-cv-1621 (JCH), 2013 WL 1984545 . (D. Conn. May 13, 2013) ................................6

*Hernandez v. Keane*,
341 F.3d 137 (2d Cir. 2003) ....................................................................................................17

*Hicks v. City of Syracuse*,
5:17-cv-0475, 2018 WL 6308653 (N.D.N.Y. Dec. 3, 2018) ...................................................14

*Holland v. City of New York*,
  197 F.Supp.2d 529 (S.D.N.Y. June 24, 2016) ......................................................19

*Jackson v. City of Syracuse*,
  5:20-cv-1215, 2021 WL 3710494 (N.D.N.Y. Aug. 20, 2021)...................................8

*Johnston v. City of Syracuse*,
  No. 5:20-cv-1497, 2021 WL 3930703 (N.D.N.Y. Sept. 2, 2021)..........................6, 7

*Jones v. Town of E. Haven*,
  691 F.3d 72 (2d Cir. 2012)....................................................................................14

*Kim v. Kimm*,
  884 F.3d 98 (2d Cir. 2018)......................................................................................5

*Lefevre v. County of Albany*,
  No. 1:14-cv-155, 2015 WL 1626005 (N.D.N.Y. Apr. 13, 2015) ...........................15

*Lindsey v. Butler*,
  43 F.Supp.2d 317 (S.D.N.Y. Aug. 29, 2014)....................................................17, 18

*Liner v. Fischer*,
  No. 11 Civ. 6711(PAC)(JLC), 2013 WL 3168660 (S.D.N.Y. June 24, 2013) ......................12

*Loftin v. City of New York*,
  15-cv-5656(MKB), 2017 WL 3614437 (E.D.N.Y. Aug. 21, 2017) .........................9

*Lynch v. City of New York*,
  952 F.3d 67 (2d Cir. 2020)............................................................................4, 5, 10

*Mazurkiewicz v. New York City Transit Auth.*,
  810 F.Supp. 563 (S.D.N.Y. Jan 19, 1993) .............................................................25

*Naccarato v. Scarselli*,
  124 F. Supp.2d 36 (N.D.N.Y. Dec. 14, 2000) .......................................................24

*Ricciuti v. N.Y.C. Transit Auth.*,
  941 F.2d 119 (2d Cir. 1991)....................................................................................16

*Richardson v. Goord*,
  347 F.3d 431 (2d Cir. 2003)....................................................................................16

*Romer v. Morgenthau*,
  119 F. Supp.2d 346 (S.D.N.Y. Sept. 26, 2000) .....................................................10

*Simmons v. Ferrigno*,
  6:17-cv-06176 MAT, 2019 WL 12361880 (W.D.N.Y. Aug. 5, 2019)......................8

*Stephens v. Shuttle Associates, LLC*,
  547 F.Supp. 2d 269 (S.D.N.Y. Apr. 10, 2008) ......................................................24

*Strong v. City of Syracuse*,
  5:16-cv-1054, 2020 WL 137250 (N.D.N.Y. Jan. 13, 2020) ...............................13, 15

*Tafari v. McCarthy*,
  714 F.Supp.2d 317 (N.D.N.Y. May 24, 2010).........................................................9

*Tardif v. City of New York*,
  991 F.3d 394 (2d Cir. 2021)...........................................................................20, 21, 22

*Taylor v. City of Rochester*,
  485 F. Supp.3d 133 (W.D.N.Y. May 6, 2020).........................................................4

*Thomas v. City of Troy*,
  293 F.Supp.3d 282 (N.D.N.Y. Mar. 22, 2018) ......................................................14

*Vassenelli v. State Univ. of New York*,
  No. 5:17-CV-00082, 2018 WL 1406629 (N.D.N.Y. Mar. 19, 2018) ...............19, 22

*Ying Li v. City of New York*,
  246 F. Supp.3d 578 (E.D.N.Y. Mar. 31, 2017).........................................................8

*Zalewski v. T.P. Builders, Inc.*,
  No. 1:10-CV-876, 2011 WL 3328549 (N.D.N.Y. Aug.2, 2011) .............................6

**Federal Statutes**

Americans with Disabilities Act of 1990..............................................................2, 5, 19

Rehabilitation Act of 1973 § 504.......................................................................19, 22

**Rules**

CPLR § 215.................................................................................................................24

## **PRELIMINARY STATEMENT**

In response to a belligerent man loudly exchanging expletives during a late-night confrontation, Plaintiffs Timothy and Theresa Lalonde ("Plaintiffs'") neighbor called 911 to report the argument and request assistance. Yet, when officers, including St. Lawrence County Sheriff Officer Matthew Merria ("Officer Merria") arrived on scene to de-escalate the situation, Mr. Lalonde somehow claims that his rights were violated. This is not so, but even accepting Plaintiffs' allegations as true, Plaintiffs' Complaint is woefully deficient.

Throughout the 38-page complaint, Plaintiffs superficially express that Mr. Lalonde is a disabled man victimized by St. Lawrence County, the St. Lawrence County Sheriff's Department, Sheriff Brooks Bigwarfe and Officer Merria (collectively the "County Defendants"). However, aside from three specific allegations regarding Officer Merria's involvement in handcuffing Mr. Lalonde during the arrest, there are no other sufficiently particularized allegations against the County Defendants that could amount to a violation of Mr. Lalonde's rights. Thus, the Complaint is chiefly devoid of sufficient factual allegations and violates Rule 8.

In addition, several of Plaintiffs' claims are insufficiently pled in that they are missing required elements. Plaintiffs' Fourth and Ninth Causes of Action are for conspiracy, yet, there are no factual allegations suggesting a meeting of the minds. Plaintiffs' Sixth Cause of Action is for municipal liability, yet there are no allegations of similar conduct in St. Lawrence County that could amount to a *de facto* policy, and no allegation that the County Defendants knew of deficiencies in their training. Plaintiffs' Eleventh Cause of Action for negligent infliction of emotional distress fails to include an allegation that Mrs. Lalonde's physical safety was threatened, and is thus, deficient.

Further, several of Plaintiffs' claims are legally insufficient. Plaintiffs' Second Cause of Action is internally inconsistent and must be dismissed as it alleges that Officer Merria was both a direct participant and also failed to intervene to protect Mr. Lalonde's rights. Plaintiffs' Seventh Cause of Action for negligent hiring and supervision rests entirely on a theory of respondeat superior, which is legally impermissible. Plaintiffs' Eighth Cause of Action for violations of the Americans with Disabilities Act is not cognizable against individual defendants or for money damages, and in any event, fails to state a claim. Plaintiffs' Twelfth Cause of Action for intentional infliction of emotional distress is time barred. And, finally, Plaintiffs Thirteenth Cause of Action for negligence is at odds with Plaintiffs' claim of intentional excessive force and asserts negligence in effectuating an arrest which is not cognizable.

Thus, whether by operation of law or Plaintiffs' deficient pleading, Plaintiffs' Complaint fails to state a claim against the County Defendants, and for the reasons more fully set forth herein, the Complaint should be dismissed, except for Plaintiffs' First Cause of Action for excessive force which should be limited solely to Officer Merria's alleged tackling, restraining and handcuffing Mr. Lalonde at the scene, and any derivative loss of consortium claim.

## STATEMENT OF FACTS

Mr. Lalonde admits that in the early morning hours of March 1, 2020, he was angry, loudly arguing, and exchanging expletives with his neighbor, who at the time happened to be his daughter's boyfriend. *See* Declaration of John Murad at Ex. A ("Compl") at ¶¶ 17, 20. Unsurprisingly, a loud confrontation after midnight in a residential neighborhood drew police attention. Ogdensburg Police Officer Charles Shaver ("Officer Shaver") was first to arrive on the scene. Compl. at ¶ 21. According to Mr. Lalonde, once Officer Shaver arrived, identified himself to Mr. Lalonde, and after Mr. Lalonde "regained his composure," three other officers abruptly

arrived on scene. Compl. at ¶¶ 22-24. Remarkably, Mr. Lalonde alleges that even though his interaction with the neighbor had run its course and the situation was completely de-escalated, without warning, the officers immediately began screaming at Mr. Lalonde and forcefully rushed at Mr. Lalonde, slamming his body to the ground.   Compl. at ¶¶ 21-28, 91.  It is during this interaction and the events that followed that Mr. Lalonde claims his civil rights were violated.

As relevant to this motion, Mr. Lalonde alleges that Officer Merria immediately jumped out of his police vehicle, surrounded Mr. Lalonde, and forcefully rushed at Mr. Lalonde tackling him in the middle of the street. Compl. at ¶¶ 24, 28. Thereafter, Mr. Lalonde claims that Officer Merria pounced on his back and yanked his wrist out from underneath his body, notwithstanding the fact that several officers were pinning Mr. Lalonde to the ground. Compl. at ¶¶ 30, 31, 35. However, after these highly specific allegations, Officer Merria's role becomes less clear.

Rather than provide Defendants with any sort of fair notice as is required by Rule 8, Mr. Lalonde instead offers "no more than conclusions, [which] are not entitled to the assumption of truth" and are not sufficient to withstand a motion to dismiss. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Specifically, Mr. Lalonde alleges that some unspecified "officers" dragged him to a patrol car and threw his body into the vehicle laterally. Compl. at ¶¶ 36, 37. Likewise, unnamed officers handcuffed his right arm to the ceiling of patrol car. Compl. at ¶ 38. Then, without specifying what police station he was brought to in which patrol car by which officer(s), Mr. Lalonde alleges that some collection of officers refused his repeated requests for medical attention and instead yanked him from the back of the patrol car without remembering he was handcuffed, which ultimately resulted in officer(s) ripping his pants and belt. Compl. at ¶¶ 39, 40.

Again, without specifying where he was brought or which officers were present or participated, Mr. Lalonde recites additional allegations of mistreatment, including being mocked

and ridiculed for his disabilities, being refused medical attention, and being refused assistance due to his disabilities. Compl. at ¶¶ 41-43. Finally, Mr. Lalonde alleges that some collection of unnamed officers fabricated stories regarding his injuries to cover up their abuse which operated as the foundation for the St. Lawrence County District Attorney's charges. Compl. at ¶¶ 44, 48.

Notably absent from the facts in the Complaint are any allegations of personal participation by St. Lawrence County Sheriff Brooks Bigwarfe other than a boilerplate allegation that he was "personally involved in the deprivation of Mr. Lalonde's constitutional rights" due to his involvement in allegedly failing to properly train and supervise Officer Merria. Compl. at ¶¶ 118-122. This conclusory statement does nothing more than recite the elements of a negligent hiring or supervision claim and is not entitled to the presumption of truth. *Lynch v. City of New York,* 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, there are no factual allegations regarding any pattern or practice of the St. Lawrence County Sheriff's Department beyond generic statements that the Department failed to adequately train its officers, which similarly are not entitled to the presumption of truth. *Id.*[1]

Given the sheer absence of factual allegations regarding the County Defendants' participation in the interaction, and Mr. Lalonde's failure to plead his claims in accordance with Rule 8, Plaintiffs' Complaint should be dismissed, except for Plaintiffs' First Cause of Action for excessive force which should be limited solely to Officer Merria's alleged tackling, restraining and handcuffing Mr. Lalonde at the scene and any derivative loss of consortium claim.[2]

---

[1] Claims against agencies within a municipal entity are typically dismissed as redundant, given that the agency does not exist separately from the municipality. As such, claims against the St. Lawrence County Sheriff's Department should be dismissed in their entirety as duplicative of the claims against the County generally. *See Taylor v. City of Rochester*, 485 F. Supp.3d 133, 140 (W.D.N.Y. May 6, 2020).

[2] The numbering of claims in Plaintiffs' Complaint is inconsistent. For clarity purposes, the County Defendants have renumbered Plaintiffs' claims sequentially as follows: (1) § 1983 False Arrest, Assault, Battery, False Imprisonment and Excessive Force, (2) § 1983 Fourth and Fourteenth Amendment Failure to Intervene, (3) § 1983 Fourteenth Amendment Deliberate Indifference to Medical Needs, (4) § 1983 Conspiracy to Interfere with Civil Rights, (5) §1983 Fourth Amendment Fabrication of Evidence, (6) § 1983 *Monell* liability, (7) § 1983 Negligent Hiring and

**STANDARD OF REVIEW**

When the legal sufficiency of a complaint is challenged under Rule 12(b)(6), a district court is required to accept as true all well-pleaded facts and draw all reasonable inferences in the favor of the pleader. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the presumption of truth does *not* extend to legal conclusions, which are "'not entitled to be assumed true[.]'" *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 555 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Hence, "labels", "conclusions" or "formulaic recitation of the elements of a cause of action" are not sufficient to state a cause of action. *Twombly*, 550 U.S. at 555.

To state a claim, a complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level.". *Id.* Thus, "[t]o survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Claims should be dismissed where the plaintiff fails to advance "their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

Further, group pleading is generally impermissible because undifferentiated allegations against the defendants as a group—without identifying any wrongdoing on the part of any particular defendant—violates Rule 8's notice requirements. *See Corazzini v. Litton Loan*

---

Supervision, (8) Violations of the Americans with Disabilities Act, (9) § 1985 Conspiracy to Deprive of Equal Protection, (10) § 1986 Failure to Prevent a Conspiracy, (11) Negligent Infliction of Emotional Distress, (12) Intentional Infliction of Emotional Distress, (13) Negligence, (14) Trespass, and (15) Loss of Consortium.

*Servicing LLP,* No. 1:09–CV–0199, 2010 WL 1132683, at *10 (N.D.N.Y. Mar. 23, 2010) ("[t]he complaint lumps together all of the defendants in each claim without providing any factual allegations to distinguish their conduct, and accordingly dismissal of the complaint in its entirety is warranted"); *Zalewski v. T.P. Builders, Inc.,* No. 1:10-CV-876, 2011 WL 3328549, at *5 (N.D.N.Y. Aug.2, 2011) (Sharpe, J.) ("The court will not accept . . . vague group pleading to serve as a basis for liability."); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (explaining that "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" fails to satisfy minimum "fair notice" standard of Rule 8). In those instances, such unparticularized allegations should be disregarded by the Court.

## **ARGUMENT**

### I.   OFFICER MERRIA IS ENTITLED TO PARTIAL DISMISSAL OF PLAINTIFF'S FIRST CAUSE OF ACTION ALLEGING VIOLATIONS OF CIVIL RIGHTS UNDER § 1983.

As among the County Defendants, Plaintiffs' First Cause of Action is denominated only against Officer Merria. The heading indicates that the first cause of action is a federal claim pursuant to § 1983 and arising under the Fourth Amendment. However, the Complaint lists a series of analogous state law torts in addition to excessive force.

#### A.   *The Assault, Battery and False Imprisonment Claims Are Duplicative.*

With respect to the assault and battery claims, there is no federal common law for such torts, and thus, there can be no assault and battery claim grounded in § 1983.  *See Boyler v. City of Lakawanna,* 287 F.Supp.3d 308, 323 (W.D.N.Y. Feb. 27, 2018) (citing *Henderson v. Williams*, No. 3:10-cv-1621 (JCH), 2013 WL 1984545 at *3 n.3. (D. Conn. May 13, 2013)). Instead, such claims are construed as an excessive force claim. *See Johnston v. City of Syracuse,* No. 5:20-cv-1497, 2021 WL 3930703, at *5 (N.D.N.Y. Sept. 2, 2021). Likewise, claims for false arrest and false imprisonment are cut from the same cloth, and the false imprisonment claim is dismissed in

favor of the false arrest claim. *Johnston,* 2021 WL 3930703 at *5 (citing *Bowman v. City of Middletown,* 91 F. Supp.2d 644, 660 (S.D.N.Y. Apr. 4, 2000)). Accordingly, Plaintiffs' First Cause of Action should be limited to claims for false arrest and excessive force, and the purported remaining claims for assault, battery and false imprisonment should be dismissed as duplicative.

### B. *Plaintiffs' First Cause of Action Partially Fails Under the Group Pleading Doctrine.*

Other than the allegations that Officer Merria tackled Mr. Lalonde and pulled his arm out from under his body to be handcuffed (*see* Compl. at ¶¶ 28, 30, 31, 35), Plaintiffs fail to allege any specific acts Officer Merria took which acted as a violation of Mr. Lalonde's rights. Officer Merria is not identified as the individual who dragged Mr. Lalonde to an unspecified patrol car. Officer Merria is not identified as the individual who handcuffed Mr. Lalonde in the patrol vehicle, nor the individual who removed Mr. Lalonde from the vehicle upon arriving at the police station. Due to the lack of specificity, which fails to provide Officer Merria with fair notice of the allegations against him under Rule 8, Plaintiffs' First Cause of Action should be limited to a claim for false arrest and/or excessive force arising only out of Officer Merria's conduct in tackling, restraining and handcuffing Mr. Lalonde at the scene.

## II. OFFICER MERRIA CANNOT BE ALLEGED TO BE BOTH A DIRECT PARTICIPANT AND HAVE FAILED TO INTERVENE, THUS, PLAINTIFFS' SECOND CAUSE OF ACTION MUST BE DISMISSED.

The County Defendants do not dispute that "all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *See Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir. 1994). However, the relevant inquiry on a failure to intervene claim is whether, under the circumstances actually presented, an officers' failure to intervene permits a reasonable conclusion that he became a 'tacit collaborator' in the unlawful conduct of another." *See Figueroa v. Mazza*, 825 F.3d 89,

107-08 (2d Cir. 2016). It is for this reason that an officer who is alleged to have used excessive force cannot also be held liable for failure to intervene, because that officers' conduct as a direct participant in the violation of Plaintiff's rights precludes a finding that the officer passively collaborated in the deprivation of rights by a fellow officer. *See Simmons v. Ferrigno*, 6:17-cv-06176 MAT, 2019 WL 12361880, at *8 (W.D.N.Y. Aug. 5, 2019).

A. *The Arrest*

The allegations in paragraphs 23 through 37 of the Complaint very specifically identify acts alleged to be directly taken by each of the officers at the time of Mr. Lalonde's arrest. With respect to Officer Merria, Plaintiffs allege that he rushed at Mr. Lalonde, jumped on Mr. Lalonde's back, asked Mr. Lalonde to remove his arm to be handcuffed, and when Mr. Lalonde did not, he yanked on Mr. Lalonde's arm. *See* Compl. at ¶¶ 28, 30, 35. Yet, Plaintiffs also allege that Officer Merria failed to intervene to prevent the same conduct from occurring.  *See* Compl. at ¶¶ 71, 72. Because Plaintiffs specifically allege Officer Merria's participation in the use of force against Mr. Lalonde, Plaintiffs cannot state a claim for failure to intervene. *See Jackson v. City of Syracuse,* 5:20-cv-1215, 2021 WL 3710494, at *9 (N.D.N.Y. Aug. 20, 2021).

B. *Post-Arrest*

Beginning at paragraph 37 and continuing through paragraph 52 of the Complaint, Plaintiffs only refer to Defendants in the collective, not identifying any specific officer who was alleged to have participated or failed to intervene to prevent such actions. These generalized and conclusory allegations do not give "fair notice of what Plaintiff's claim is and the grounds upon which it rests." *See Ying Li v. City of New York,* 246 F. Supp.3d 578, 619 (E.D.N.Y. Mar. 31, 2017). For example, Plaintiffs allege that Mr. Lalonde was dragged to the car by "officers," but Plaintiffs do not allege which officers participated in the conduct, and which ones might have

failed to intervene. *See* Compl. at ¶ 36. Similarly, Plaintiffs allege that Mr. Lalonde was ridiculed, mocked, and no reasonable accommodations were made for him due to his disability, yet, Plaintiffs fail to allege what police station Mr. Lalonde was brought to, which officers participated in the conduct, and what officers might have been present during such conduct. *See* Compl. at ¶¶ 41, 42. Because Plaintiffs fail to allege which defendants directly participated versus which defendants failed to intervene, dismissal is appropriate. *See Bouche v. City of Mount Vernon*, No. 11 Civ. 5246(SAS), 2012 WL 987592, at *7 (S.D.N.Y. Mar. 23, 2012).

      C.  *Fabrication of Evidence*

      Finally, Plaintiffs also allege that all Defendant Officers "concocted a fallacious series of events" to justify the arrest, which lead to the St. Lawrence County District Attorney's charges against Mr. Lalonde. *See* Compl, at ¶ 44. First, if Officer Merria is alleged to have participated in the fabrication of evidence—which is not clear from the face of the Complaint—he cannot be liable for failing to intervene. *See Loftin v. City of New York,* 15-cv-5656(MKB), 2017 WL 3614437, at *10 n.5 (E.D.N.Y. Aug. 21, 2017). However, also, nowhere in the Complaint is there any allegation that Officer Merria could have or had a reasonable opportunity to intervene to prevent the fabrication of evidence. *See Tafari v. McCarthy*, 714 F.Supp.2d 317, 342 (N.D.N.Y. May 24, 2010) (noting that an officer cannot be held liable if there was not a reasonable opportunity to intervene). The Complaint does not allege where or to whom the allegedly fabricated statements were made. The Complaint does not allege that Officer Merria was present when the allegedly fabricated statements were transmitted to the St. Lawrence County District Attorney for consideration of charges. The Complaint does not even allege that Officer Merria knew that some collection of officers made statements about the incident that were transmitted to the St. Lawrence County District Attorney. Thus, because the Complaint fails to allege, beyond a conclusory

statement that "Defendant Officers . . . had opportunities to intercede," Plaintiffs' Second Cause of Action should be dismissed.

### III. PLAINTIFFS HAVE NOT ALLEGED A MEETING OF THE MINDS SUFFICIENT TO ALLEGE A CONSPIRACY TO INTERFERE WITH MR. LALONDE'S RIGHTS OR TO DEPRIVE MR. LALONDE OF EQUAL PROTECTION, AND AS SUCH, PLAINTIFFS' FOURTH, NINTH AND TENTH CAUSES OF ACTION MUST BE DISMISSED.

Plaintiffs' Fourth Cause of Action asserts that the Defendant Officers conspired to deprive Mr. Lalonde of his civil rights, and similarly, Plaintiffs' Ninth Cause of Action alleges that the Defendant Officers conspired to deprive Mr. Lalonde of equal protection. However, both causes of action fail because Plaintiffs have failed to plead facts from which this Court can infer a meeting of the minds or, with respect to their ninth cause of action, a discriminatory motive behind Defendants actions.

### A. *Failure to Plead a Meeting of the Minds*

Under both types of conspiracy claims, the plaintiff must allege "some factual basis supporting a meeting of the minds." *See Brady v. IGS Realty Co., L.P.,* 20-3512, 2021 WL 4302737, at * 2 (2d Cir. 2021) (under 42 U.S.C. § 1985); *see also Romer v. Morgenthau*, 119 F. Supp.2d 346, 363 (S.D.N.Y. Sept. 26, 2000) (under 42 U.S.C. 1983). Plaintiffs fail to do so here.

With respect to the § 1983 claim, first, the Complaint only alleges that the Defendant Officers "acted in concert" and "reached a mutual understanding." Compl. at ¶¶ 88, 93. Such statements are conclusory and are not entitled to the presumption of truth. *See* Lynch, 952 F.3d at 75.

Second, the only reason Plaintiffs allege that they believe there was a conspiracy under §1983 is because the Defendant Officers arrived on scene at the same time and confronted Mr. Lalonde at the same time and in the same manner. *See* Compl. at ¶ 91. In essence, Plaintiffs are asking this Court to believe that because the officers acted the same way in responding to the scene, they must

have conspired. Such speculative assertions are insufficient to state a claim for conspiracy. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (in the context of anti-trust conspiracies, noting that "It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice."); *see also Doe v. Green*, 592 F. Supp.2d 523 (W.D.N.Y. Jan. 6, 2009) (dismissing conspiracy claim based solely on speculation). In other words, speculative reasoning does not nudge the allegations in the complaint from possible to plausible.

With respect to the § 1985 conspiracy claim, Plaintiffs make *no* allegations as to how the defendants conspired with one another. Again, without any factual support, Plaintiffs merely state that all Defendants "conspired with each other, and reached a mutual understanding, and acted to undertake a course of conduct to injury, oppress, threaten and intimidate Mr. Lalonde." *See* Compl. at ¶139. However, Plaintiffs do not identify what the mutual understanding was, what the course of conduct was, nor any fact from which this Court could plausibly infer that there was a meeting of the minds. *See Gallop v. Cheney,* 642 F.3d 344, 369 (2d Cir. 2011) (dismissal appropriate where plaintiff "offers not a single fact to corroborate [the] allegation of a "meeting of the minds" among the conspirators."). Thus, because Plaintiffs fail to plead any non-conclusory allegations which provide a factual basis indicating a meeting of the minds, Plaintiffs' Fourth and Ninth Causes of Action for conspiracy must be dismissed.

B. <u>Lack of a Discriminatory Motive</u>

Further, to state a claim for conspiracy to deprive an individual of equal protection under §1985(3), the Plaintiff must allege that the conspiracy was "motivated by racial or related-class based discriminatory animus." *Graham v. Hendersonm,* 89 F.3d 75, 82 (2d Cir. 1996). To satisfy this element, there must be "specific factual allegations regarding the . . . discriminatory intent of

the conspirators." *Chillemi v. Town of Southampton*, 943 F. Supp.2d 365, 382 (E.D.N.Y. May 4, 2013).

Again, Plaintiffs fail to allege any facts by which this Court could infer discriminatory intent behind Defendants actions. In fact, to the contrary, Plaintiffs allege that several of Defendants actions were motivated by their alleged desire to cover up an arrest made without probable cause, not to discriminate against Mr. Lalonde. *See* Compl. at ¶¶141(1) (making an arrest and accusing Mr. Lalonde of criminal activity without probable cause); 141(6)(d) (submitting false police reports to cover up false charges); 141(6)(e) (requiring Mr. Lalonde to return to the police station to cover up misconduct). And, with respect to the remaining allegations, Plaintiffs have offered no more than a conclusory statement that the actions were "motivated by discriminatory animus." *See* Compl. at ¶¶ 143, 144. For example, it is unclear how "failing to consult with Officer Shaver, who was the first officer on the scene" is motivated by discriminatory animus. *See* Compl. at ¶ 141(2). Likewise, the act of ordering Mr. Lalonde to remove his arm from behind his back, which is one of the only allegations specified against Officer Merria, is motivationally neutral, and even Mr. Lalonde admits was motivated by a desire to have Mr. Lalonde "release [his arm] from under the weight of his body" presumably to be handcuffed. *See* Compl. at ¶ 31. Thus, Plaintiffs fail to state a claim under § 1983, and Plaintiff's Ninth Cause of Action should be dismissed.

### C. *Lack of Personal Involvement*

Finally, Plaintiffs § 1985 is alleged against "All Defendants". Yet, there is not a single allegation against Sherriff Bigwarfe, any employee of St. Lawrence County, or any employee of the St. Lawrence County Sherriff's Department. Personal involvement is a necessary element to any conspiracy claim. *See Liner v. Fischer*, No. 11 Civ. 6711(PAC)(JLC), 2013 WL 3168660, at *11 (S.D.N.Y. June 24, 2013). Accordingly, at a minimum, Plaintiff's Ninth Cause of Action

against Sheriff Bigwarfe, St. Lawrence County, and the St. Lawrence County Sheriff's Department should be dismissed.

       D.  *Because Plaintiffs' Conspiracy Claims Should be Dismissed, Plaintiffs' 10th Cause of Action for Failure to Prevent a Conspiracy Also Fails and Should be Dismissed.*

A claim for failure to prevent a conspiracy only lies if there is a viable § 1985 conspiracy claim.

*See Gagliardi v. Vil. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994); *Grant v. City of Syracuse*, 5:15-cv-445 (LEK/TWD), 2017 WL 5564605, at \*9 (N.D.N.Y. Nov. 17, 2017). Thus, if the Court agrees with the County Defendants that Plaintiffs' § 1985 conspiracy claim should be dismissed, then Plaintiffs' § 1986 failure to prevent a conspiracy claim should also be dismissed.

## IV.    PLAINTIFFS FAIL TO ALLEGE ANY PATTERN OF PRACTICE OF ST. LAWRENCE COUNTY, AND AS SUCH, PLAINTIFFS SIXTH CAUSE OF ACTION FOR MUNICIPAL LIABILITY MUST BE DISMISSED.

To establish municipal liability under § 1983, the plaintiff must show that the deprivation of constitutional rights was "caused by a governmental custom, policy or usage of the municipality."

*See Deferio v. City of Syracuse*, 770 F. App'x 587, 589 (2d Cir. 2019). This can be established by

> (1) a formal policy that has been officially endorsed by the municipality . . . (2) an action taken by an official who is responsible for establishing municipal policies with respect to the subject matter in question . . . (3) a widespread practice that is so "permanent and well settled as to constitute a 'custom or usage' with the force of law," . . . or (4) a failure to train, supervise, or discipline that "amounts to a deliberate indifference to the rights of persons with whom the police come into contact[.]"

*See Strong v. City of Syracuse,* 5:16-cv-1054, 2020 WL 137250, at \*2 (N.D.N.Y. Jan. 13, 2020). Here, it appears the Plaintiff is proceeding on a failure to train theory and/or that the acts suggest that the Defendant Officers followed a *de facto* policy tolerating the use of excessive force. *See* Compl. at ¶¶ 108(a) through (h), 109.

While Plaintiff is not required to ultimately prove his claim at this stage, "[f]or a *Monell* claim to survive a motion to dismiss, a plaintiff must allege sufficient factual detail and not mere

boilerplate allegations that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy." *Thomas v. City of Troy,* 293 F.Supp.3d 282, 298 (N.D.N.Y. Mar. 22, 2018). In other words, allegations that merely state that a municipal policy or custom exists, or that the department has a policy of inadequate training or supervision are useless unless supported by sufficient factual detail. *See Hicks v. City of Syracuse,* 5:17-cv-0475, 2018 WL 6308653 (N.D.N.Y. Dec. 3, 2018). The purpose of this intentionally high pleading threshold is to ensure that the municipality has "acquiesced in or tacitly authorized its subordinates' unlawful actions." *See Crawley v. City of Syracuse*, 496 F. Supp.2d 718, 729 (N.D.N.Y. Oct. 21, 2020).

   *A.   De Facto Policy*

With respect to a *Monell* claim based on a *de facto* policy, "[i]solated acts of excessive force," such as alleged here, "are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of E. Haven,* 691 F.3d 72, 81 (2d Cir. 2012). On the other hand, where a plaintiff cites similar complaints, misconduct or court cases which contain similar allegations, a *Monell* claim based on the existence of a *de facto* policy may be adequately pled. *See Buari v. City of New York*, 530 F. Supp.2d 356, 399 (S.D.N.Y. Mar. 30, 2021).

Here, Plaintiff fails to plead any other incidents that elevate their complaint above a single, isolated act of excessive force (if any). Plaintiffs have not cited a single other complaint, allegation of misconduct, government report, or lawsuit which alleges the same policies or practices to establish widespread conduct that could be considered a *de facto* policy. Rather, Plaintiffs complaint simply alleges, in a conclusory fashion, that the Defendant Officers' acts were pursuant to "customs, policies, practices and/or procedures" of the County, without any factual support. This is insufficient to state a claim.

B. *Failure to Train*

Where a *Monell* claim is based on a failure to train that amounts to deliberate indifference to a plaintiff's rights, the plaintiff must similarly plead a known pattern of unconstitutional conduct that was deliberately ignored by the policymaker. *See Strong*, 2020 WL 137250, at *3; *Baker v. Spinner*, 8:18-cv-000950 (BKS/DJS), 2019 WL 3430918, at *8 (N.D.N.Y. July 30, 2019). (dismissing complaint which merely alleged that the defendants "acted 'pursuant to either official policy or the custom, practice and usage'"); *Lefevre v. County of Albany*, No. 1:14-cv-155 (GLS/RFT), 2015 WL 1626005, at *4 (N.D.N.Y. Apr. 13, 2015) ("As articulated by the Supreme Court, it is 'ordinarily necessary' for a plaintiff to show '[a] pattern of similar constitutional violations by untrained employees [in order] to demonstrate deliberate indifference for purposes of failure to train.'"). Further, a plaintiff must "allege facts that support an inference that the municipality failed to train its police officers, that it did so with deliberate indifference, and that the failure to train caused his constitutional injuries." *See Buari,* 530 F. Supp.2d at 400.

Again, Plaintiffs fail to allege any similar constitutional violations that could even conceivably demonstrate a pattern of unconstitutional conduct. But also, Plaintiffs fail to plead any facts that indicate the County was on notice of these hypothetical and unspecified violations such that it could be deemed to have deliberately disregarded to the detriment of Plaintiffs.

The decision in *Buari,* although the *Monell* liability claim was upheld on a motion to dismiss, provides helpful guidance to this Court. *See* 530 F. Supp.2d at 400. There, the plaintiff pled the existence of a report which evaluated the New York City Police Departments' conduct at the time of the plaintiff's arrest and prosecution. *Id.* at 401. The report indicated that there was evidence of widespread corruption, protection of narcotics traffickers, and falsification of evidence which supervisors knew of, but never questioned due to institutional efforts to allow corruption for the

benefit of the department. *Id.* at 402. The plaintiff in that case was the victim of such corruption and coercion because his arrest was based on the policy incentivizing narcotics trafficker witnesses to testify against him. *Id.* Thus, in upholding the *Monell* claim, the court reasoned that because the NYPD knew that the officers would initiate arrests (as part of their scope of work), knew of the similar misconduct as described in the report, and knew that a failure to train their officers with respect to perjury, fabrication of evidence and corruption generally could cause constitutional deprivations, that a *Monell* claim was at least facially stated. *Id.* at 402.

Unlike *Buari,* there is not a single allegation that there are instances of similar conduct, nor that the County knew of them. Not once do the Plaintiffs allege that there were other instances of misconduct and Plaintiffs do not identify any other lawsuits, report, complaints or other evidence to support their claim that the acts against Mr. Lalonde were part of a pattern. Rather, the Complaint is solely based on Plaintiffs' single incident of allegedly excessive force, alleged fabrication of evidence, and alleged indifference to medical and disability needs, which were made by actors below the policy-making level.  Thus, Plaintiffs fail to state a claim for municipal liability via *Monell* against the County. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

## V.   PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND SUPERVISION IMPROPERLY RESTS ON RESPONDEAT SUPERIOR, AND MUST BE DISMISSED.

A claim for supervisory liability must allege "the defendant's personal involvement in the alleged constitutional violations" and cannot merely rest on respondeat superior. *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Personal involvement may be shown by

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of

subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez v. Keane,* 341 F.3d 137, 145 (2d Cir. 2003). However, a conclusory allegation that the supervisory official was personally involved, with corresponding factual allegations, is insufficient to state a claim. *See Bryant v. Ciminelli*, 267 F.Supp 3d 467, 475-76 (W.D.N.Y. July, 26, 2017).

Here, Plaintiffs allege that Sherriff Bigwarfe was a supervisory individual with the County, had responsibility for supervising Officer Merria who deprived Mr. Lalonde of his rights, and that Sheriff Bigwarfe was personally involved in the deprivation of Mr. Lalonde's rights both through direct participation and in creating a policy of failing to guard against constitutional violations *See* Compl. at ¶¶ 118, 119.

First, to the extent Plaintiffs seriously allege that Sheriff Bigwarfe was personally and directly involved in the constitutional deprivation, it should be noted that not one paragraph in the Complaint alleges that Sherrif Bigwarfe had any role in arresting Mr. Lalonde, was present for the arrest, or was present or played a role in any of the alleged post-arrest deprivations. Thus, Plaintiffs fail to state a claim for supervisory liability based on the sheer lack of factual allegations as to Sheriff Bigwarfe's direct involvement.

Second, "[i]n order to hold supervisors liable for creating a custom or policy fostering a constitutional violation, courts in this Circuit have required that plaintiffs plead more than conclusory allegations of the existence of the custom or policy." *See Lindsey v. Butler*, 43 F.Supp.2d 317, 330 (S.D.N.Y. Aug. 29, 2014). In *Lindsey*, the plaintiff alleged the police commissioner deliberately ignored that his subordinates were following unwritten policies and practices permitting them to use excessive force against Muslim individuals, and more particularly, allowing his officers to shave Muslim men's beards without consent for the purpose of placing said individuals in police lineups. *Id.* at 329. However, other than alleging one incident where the

NYPD officers allegedly did so to the plaintiff, there were no additional facts from which the court could infer the personal involvement by the commissioner in creating such policies, that the policies even existed, nor deliberate indifference as to their enforcement. *Id.* at 330. Thus, the supervisory liability claim was dismissed.

Further, in *Bryant*, the Western District of New York reviewed a supervisory liability claim where the allegations against the police chief included:

> A. Failure to adequately train and supervise City of Rochester police officers regarding: 1) their duty to intervene to prevent to protect the constitutional rights of citizens from infringement; 2) constitutional limitations on stops; 3) the use of force; 4) arrests; and 5) searches and seizures of persons;

> E. Failure to take adequate measures to discipline City of Rochester police officers who engage in the use of excessive force, unlawful stops, arrests, searches, seizures, violence, dishonesty and other misconduct;

These allegations were deemed insufficient to state a claim because none of these allegations asserted that the police chief was personally involved, rather, the allegations suggested that the police chief was named simply because he was the highest-ranking officer. 267 F.Supp. 3d at 476.

Here, Plaintiffs allege that Sherriff Bigwarfe "created a policy of failing to take preventative and remedial measures to guard against such constitutional deprivations" and was "reckless" in his "failure to supervise" Officer Merria. There allegations are strikingly similar to the allegations in *Bryant* which were found insufficient to state a claim for supervisory liability because they failed to allege the supervisor's personal involvement. Further, like in *Lindsey*, there is no particularity in the allegations with respect to what the policy Sherriff Bigwarfe is even alleged to have created or condoned, nor what conduct he deliberately disregarded. Plaintiffs have essentially suggested that because Sherriff Bigwarfe is the highest-level individual who is ultimately responsible to supervise Officer Merria, he is liable for Mr. Lalonde's constitutional deprivations. These types of allegations are insufficient to state a claim for supervisory liability

because the rest exclusively on a respondeat superior theory. *See Holland v. City of New York*, 197 F.Supp.2d 529, 551 (S.D.N.Y. June 24, 2016) (plaintiff's "vague allegations as to [Defendants] amount to 'nothing more than a bare assertion' that they were supervisors . . . which is insufficient to state a Section 1983 claim."). Accordingly, Plaintiff's Seventh Cause of Action should be dismissed.

## VI.   PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT FAILS TO STATE A CLAIM.

### A.   *There Is No ADA Claim Against Individuals.*

Plaintiffs' Eighth Cause of Action seeks relief under the ADA and Section 504 of the Rehabilitation Act[3] against "All Defendants." Thus, this claim is explicitly brought against Officer Merria in his individual capacity as well as Sheriff Bigwarfe in his individual capacity. *See* Compl. at ¶¶ 9, 10. However, Title II of the ADA does not allow actions against a person in their individual capacity. *See Durr v. Slator*, 2021 WL 3930704, at * 19, 20 (N.D.N.Y. Sept. 2, 2021). And, to the extent Plaintiffs argue that § 1983 provides Mr. Lalonde with a method of enforcing his rights against individuals, the Northern District of New York has already rejected this argument. *Id.* at *19, 20. Thus, Plaintiffs, as a matter of law, cannot state a claim for relief for violations of the ADA against Officer Merria, nor Sherriff Bigwarfe.

### B.   *Plaintiffs Have Failed to Allege the County Defendants Discriminated Against Mr. Lalonde Because of His Disabilities.*

As for the remaining County Defendants (St. Lawrence County and the St. Lawrence County Sheriff's Department) and in the event the Court declines to dismiss the claim against Officer Merria and Sherriff Bigwarfe based on the above, Plaintiffs ADA claim still fails due to lack of causation.

---

[3] Claims under Title II of the ADA and Section 504 of the Rehabilitation Act are treated identically. *See Vassenelli v. State Univ. of New York*, No. 5:17-CV-00082, 2018 WL 1406629, *3 (N.D.N.Y. Mar. 19, 2018).

To state a claim for relief under the ADA, the plaintiff must demonstrate that (1) he is a qualified individual with a disability, (2) that the defendant is subject to the ADA, and (3) "that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against **by defendants, by reason of plaintiffs' disabilities**.". *See Doe v. Pfrommer,* 148 F.3d 73, 82 (2d Cir. 1998). Plaintiffs' Complaint does not plead facts sufficient to infer that the County Defendants were directly or vicariously involved in any alleged discrimination, nor that Plaintiff was discriminated against because of his disability.

Officer Merria is alleged to have tackled Mr. Lalonde and pulled his left arm out from underneath him. *See* Compl. at ¶¶ 28, 31, 35. Yet, nowhere in the Complaint is it alleged that such force was used against Mr. Lalonde *because* of his disability. And, as noted above, with respect to Officer Merria's acts of removing Mr. Lalonde's arm from underneath him, such acts were done in furtherance of handcuffing Mr. Lalonde, not to discriminate against him. *See* Compl. at ¶ 31.

Additionally, according to the Complaint, Mr. Lalonde's right shoulder and arm area was one portion of his body that was disabled. Compl. at ¶ 32. Yet, it is alleged that Officer Merria pulled Mr. Lalonde's *left* arm out from underneath his body, so this act, even if discriminatory, could not have been on account of Mr. Lalonde's disability. *See* Compl. at ¶ 31.

Thus, Plaintiffs allegations cannot provide the factual basis for an ADA claim against Officer Merria, nor can any other County Defendant be vicariously liable for an ADA claim based on such conduct.

C.  *The ADA Claim is Precluded by Plaintiffs' Excessive Force Claim.*

Further, the facts recited above are the same facts that underlie Mr. Lalonde's claim of excessive force. This precludes Plaintiffs' claim under *Tardif* as recently recognized by the

Northern District of New York. *See Butchino v. City of Plattsburgh,* No. 8:20-cv-796 (MAD/CHF), 2022 WL 137721, at *12 (N.D.N.Y. Jan 14, 2022) ("*Tardif* would preclude an ADA claim for the excessive force itself" and "Plaintiff does not bring an ADA claim to remain free from excessive force, which would likely fail following *Tardif*.").

In *Tardif*, the Second Circuit considered whether an arrestee could bring a claim for violation of the ADA where officers failed to accommodate her epilepsy condition pre-arraignment by failing to provide her medication in a timely fashion which led to the plaintiff having a seizure while detained. *Tardif v. City of New York,* 991 F.3d 394, 398, 399 (2d Cir. 2021). The plaintiff couched her claim for relief as a failure by NYPD to make reasonable accommodations for her disability. *Id.* at 404. The Second Circuit discussed the standard of causation applicable to reasonable accommodation-based ADA claims, and ultimately concluded that where the claim is one which relates to the substance or quality of the services provided, as opposed to whether one is denied services on account of a disability, then there is no cognizable claim under the ADA. *Id.* at 405, 406.

In *Butchino*, Judge D'Agostino applied the reasoning in *Tardif* to a claim of excessive force against an arrestee with diagnosed PTSD. 2022 WL 137721, at *9. There, the plaintiff argued that because the officers knew that the plaintiff had PTSD, instead of immediately engaging with plaintiff, they should have allowed him to cool off before using force. *Id.* at *11. In other words, plaintiff argued that the officers failed to provide him a reasonable accommodation in waiting to forcibly remove his clothing to allow him to regain his mental capacity, which was unstable due to PTSD, not that he should have been free from excessive force because he had PTSD. *Id.* at *12.

Unlike *Butchino*, Plaintiffs do bring an ADA claim seemingly to assert a right to remain free from excessive force. Specifically, Plaintiffs' Complaint reads "In arresting Mr. Lalonde,

Defendants failed to reasonably accommodate Mr. Lalonde's disabilities by (1) subjecting him to force, let alone barbaric excessive force, when Defendant Officers knew and it was readily apparent that Mr. Lalonde was blind." Compl. at ¶135. Thus, Plaintiffs argument is that because Mr. Lalonde is blind, he should never have been subjected to force. This is specifically the type of claim that is precluded under *Tardif*, and as such, the ADA claim against the remaining County Defendants should be dismissed as Mr. Lalonde's disability was not and is not alleged to be the cause of the use of excessive force.

The remaining allegations as to the "Defendants" alleged failures to accommodate Mr. Lalonde are not particularized and do not provide the County Defendants with adequate notice of what is being alleged. The allegations in paragraph 135 (2) through (6)[4] impermissibly lump all of the Defendants together, notwithstanding that it is impossible that Mr. Lalonde was present at both the City and County law enforcement offices or thrown into both City and County patrol vehicles at the same time, which is what would have to believed for both the City and County to be liable for ADA violations. Thus, these allegations cannot form the basis for a cognizable ADA claim, which must be dismissed.

D.  <u>Money Damages are Not Recoverable Under the ADA as Plaintiff has Failed to Plead Facts Showing Intentionality or Deliberate Indifference.</u>

Finally, Plaintiffs seek monetary relief under the ADA and Section 504 claims. Compl. at ¶ 137. To recover monetary damages, the plaintiff must show the discrimination was intentional. *See Vassenelli,* 2018 WL 1406629, at *3. This standard requires the plaintiff to "allege facts showing that a policymaker acted with ill will or personal animosity toward him because of his disability or that the policy maker acted with 'deliberate indifference' to his rights under the ADA" which requires facts that demonstrate that an "official with authority to address the alleged

---

[4] Inadvertently, there are two subsection (5)s.

discrimination and to institute corrective measures on the plaintiff's behalf had actual knowledge of ongoing discrimination against the plaintiff but failed to respond adequately." *Id.* There are no facts that demonstrate intentionality, and Plaintiffs have done nothing more than regurgitate buzzwords such as "malicious" and "conscious or callous disregard" which are insufficient. Further, the only supervisory individual who is alleged to have had knowledge of the alleged discriminatory conduct is Chief Westcott, who is with the Ogdensburg Police Department. *See* Compl. at ¶¶ 42, 135. This suggests that the conduct occurred at the Ogdensburg Police Station, which precludes Plaintiffs from alleging that the County Defendants could have acted with deliberate indifference. *See* Compl. at ¶ 135.  Accordingly, at a minimum, the portion of Plaintiffs claim seeking monetary damages under the ADA should be dismissed.

## VII.   PLAINTIFFS' STATE LAW CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED AS PLAINTIFFS FAIL TO ALLEGE THAT MRS. LALONDE WAS THREATENED WITH PHYSICAL HARM.

Under New York law, a plaintiff may recover for negligent infliction of emotional distress under one of two theories: (1) the bystander theory or (2) the direct duty theory. It appears that Plaintiffs have chosen to couch their relief under the bystander theory as Mrs. Lalonde is asserting a claim for infliction of emotional distress due to watching her husband's interaction with the officers. *See* Compl. at ¶¶ 153, 154, 155.

However, the bystander theory requires Plaintiffs to allege that Mrs. Lalonde "witnessed the death or serious bodily injury of a member of her immediate family" and that **her** physical safety was threatened or endangered. *See Dzwonczyk v. Syracuse City Police Dept.,* 710 F.Supp.2d 248, (N.D.N.Y. Dec, 22, 2008). Plaintiffs have failed to even make a conclusory allegation that Mrs. Lalonde's physical safety was threatened or endangered, and there are no facts to suggest that Mrs. Lalonde was in any way part of her husband's interaction with the officers, and specifically, with

Officer Merria. As Plaintiffs have failed to plead one element of this cause of action, it must be dismissed. *See Stephens v. Shuttle Associates, LLC*, 547 F.Supp. 2d 269, 275 (S.D.N.Y. Apr. 10, 2008).

## VIII.   PLAINTIFFS' STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS TIME BARRED AND MUST BE DISMISSED.

The statute of limitations for claims of intentional infliction of emotional distress is one year. CPLR § 215; *Durr*, 2021 WL 3930704, at *22 (claims against municipal employees in their individual capacities are governed by the one-year statute of limitations in CPLR § 215). Plaintiffs allege that Officer Merria's conduct in tackling and pulling on Mr. Lalonde's wrist during an arrest constitutes intentional infliction of emotional distress. However, this admittedly occurred on March 1, 2020, and the Complaint was not filed under February 18, 2022, more than one year from the date when the claim accrued. *See* Compl. at ¶¶ 17, 28, 30, 31. Further, to the extent Plaintiffs also allege that the unspecified "officers" failure to accommodate Mr. Lalonde post-arrest, the "officers" mocking Mr. Lalonde post-arrest, and the "officers" alleged fabrication of evidence also constitute acts which caused Mr. Lalonde emotional distress, those actions also admittedly took place on the same day of the arrest. *See* Compl. at ¶¶ 41, 42, 45. As such, Plaintiffs' claim is time barred and should be dismissed.

## IX.   PLAINTIFFS' THIRTEENTH CAUSE OF ACTION FOR NEGLIGENCE MUST BE DISMISSED AS CONDUCT CANNOT BE BOTH NEGLIGENT AND INTENTIONAL, AND, THERE IS NO COGNIZABLE CLAIM FOR NEGLIGENCE IN EFFECTUATING AN ARREST OR INITIATING PROSECUTION.

Where plaintiffs bring "excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." *Naccarato v. Scarselli*, 124 F. Supp.2d 36, 45 (N.D.N.Y. Dec. 14, 2000). In other words, plaintiffs cannot on one hand argue that Officer Merria engaged in intentional conduct

supporting their § 1983 claims, which also arguing that Officer Merria (and the other County Defendants) were negligent toward Mr. Lalonde. *See Mazurkiewicz v. New York City Transit Auth.*, 810 F.Supp. 563, 570 (S.D.N.Y. Jan 19, 1993). As such, Plaintiffs' negligence claim fails.

However, Plaintiffs' negligence claim must also be dismissed because plaintiffs may not recover in negligence where a law enforcement officer fails to exercise some requisite amount of care in effectuating an arrest or initiating a prosecution. *See Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). Like in *Bernard*, where the plaintiff alleged that officers breached their duty to protect individuals against deprivations of liberty and false arrest, Plaintiffs here have also summarily stated the amorphous duty that officers "refrain from falsely arresting and detaining" Mr. Lalonde or to "refrain from using or tolerating the use of excessive force." Compl. at ¶ 165. Plaintiffs claim, if any, lies in tort, not in negligence, and as such, Plaintiffs claims for negligence must be dismissed.[5]

## **CONCLUSION**

For the reasons more fully set forth herein, the County Defendants respectfully request that this Court dismiss Plaintiffs' Complaint, except for Plaintiffs' First Cause of Action for excessive force which should be limited solely to Officer Merria's alleged tackling, restraining and handcuffing Mr. Lalonde at the scene and any derivative loss of consortium claim, and grant Defendants such other and further relief as this Court deems just and proper.

---

[5] If this Court finds that Officer Merria is not liable in negligence, then the claim as asserted against the remaining County Defendants should also be dismissed because there is no vicarious liability by the County nor Sherriff Bigwarfe if there is no underlying liability.

Dated:    April 27, 2022                          **HANCOCK ESTABROOK, LLP**


**BY:** */s/ Anneliese R. Aliasso*
John L. Murad, Jr., Esq.
Anneliese R. Aliasso, Esq.
*Attorneys for Defendants Saint Lawrence County,*
*Saint Lawrence County Sheriffs' Department,*
*County of Saint Lawrence Sheriff Brooks Bigwarfe,*
*and Sheriff Matthew W. Merria*
1800 AXA Tower 1, 100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500