UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY LALONDE and
THERESA LALONDE,

                  Plaintiffs,          Civil Action No.:  8:22-cv-00164-LEK-DJS

vs.

CITY OF OGDENSBURG, SAINT LAWRENCE
COUNTY, CITY OF OGDENSBURG
POLICE DEPARTMENT, SAINT LAWRENCE
COUNTY SHERIFFS' DEPARTMENT, OGDENSBURG
POLICE DEPARTMENTCHIEF ROBERT WESCOTT,
COUNTY OF SAINT LAWRENCE SHERIFF BROOKS
BIGWARFE, POLICE OFFICERS CHARLES SHAVER,
DANIELLE PRYCE, JOSHUA SIRLES, SCOTT WILSON,
SHERIFF MATTHEW MERRIA, and DOES 1-100,

                  Defendants.

---

### BRIEF ON BEHALF OF DEFENDANTS
City of Ogdensburg, City of Ogdensburg Police Department,
Ogdensburg Police Department Chief Robert Wescott,
Police Officers Charles Shaver, Danielle Pryce, Joshua Sirles and Scott Wilson

Scott B. Goldie, Esq. (Bar Roll No.104511)
Ducharme Goldie & Adams P.C.
Attorneys for Defendants City of Ogdensburg, City
of Ogdensburg Police Department, Ogdensburg
Police Department Chief Robert Wescott, Police
Officers Charles Shaver, Danielle Pryce, Joshua
Sirles and Scott Wilson
2 Judson Street
Canton, New York 13617
Tel:    315-386-8544
Fax.:   315-379-0126
Email: sgoldie@dgalawny.com

# **TABLE OF CONTENTS**

Page

STATEMENT OF FACTS                                                                      1

ARGUMENTS

I.      The Ogdensburg Police Department Officers are Entitled
        to Partial Dismissal of Plaintiffs' First Cause of Action
        Alleging Violations of Civil Rights Under Section 1983          3

II.     The Plaintiffs' Second Cause of Action Must be Dismissed
        Against the Ogdensburg Police Officers as they Cannot
        Be Alleged to be Both Direct Participants and Having Failed
        To Intervene                                                               4

III.    Plaintiffs Have Not Alleged a Meeting of the Minds
        Sufficient to Support a Conspiracy to Interfere With
        Mr. Lalonde's Rights or To Deprive Him of Equal Protection
        And As Such, Plaintiffs' Fourth, Ninth and Tenth Causes of
        Action Must be Dismissed                                           6

IV.     Plaintiffs Have Failed to Allege Any Custom, Policy,
        Pattern or Practice of the City of Ogdensburg that Leads
        To the Deprivation of Their Constitutional Rights               8

V.      Plaintiffs' Seventh Cause of Action for Negligently Hiring
        And Supervision Improperly Rests on of Respondeat Superior,
        And Must Be Dismissed                                              10

VI.     Plaintiff's Eighth Cause of Action Alleging a Violation of
        The Americans with Disabilities Act is Insufficient to
        State a Claim                                                             12

VII.    Plaintiffs' Claims for Negligent Infliction of Emotional
        Distress Must be Dismissed as they have Failed to Allege
        That Plaintiff Theresa Lalonde was Threatened with Physical
        Harm                                                                      14

VIII.   Plaintiffs' State Law Claim for Intentional Infliction of
        Emotional Distress Must be Dismissed as Time-Barred          15

IX.     Plaintiffs' Thirteen Cause of Action for Negligence Must be
        Dismissed                                                                 15

X.      Plaintiff's Fourteen Cause of Action Must be Dismissed
        Against Officer Wilson                                               16

CONCLUSION                                                                          17

TABLE OF AUTHORITIES

*Baker v Spinner,*
8:18-cv-000950 (BKS/DGS), 2019 WL 343 918, at *8 (N.D.N.Y. July 30, 2019)          pg. 9

*Bell Atlantic Corp v Twombly,* 550 U.S. 544, 556 (2007)          pg. 6

*Bernard v United States,* 25 F3d 98, 102 (2nd Cir. 1994)          pg. 15

*Bouche v City of Mount Vernon,*
No. 11 Civ 5246 (SAS), 2012 W.L. 987592, at *7 (S.D.N.Y. Mar. 23, 2012)          pg. 5

*Bowman v City of Middletown*, 91 F Supp 2d 644, 660 (S.D.N.Y. Apr. 4, 2000)          pg. 3

*Boyler v City of Lakawanna,* 287 F. Supp. 3d 308, 323 (W.D.N.Y. Feb 27, 2018)          pg. 3

*Brady v IGS Realty Company, L.P.*, 20-3512, 2021 WL 4302737, at *2 (2nd cir. 2021)          pg. 6

*Bryant v Ciminelli*, 267 F Supp 3d 475-76 (W.D.N.Y. July 26, 2017          pg. 10, 11

*Burari v City of New York*, 530 F Supp 2d 356, 399 (S.D.N.Y. Mar 30, 2021)          pg. 9

*Chillemi v Town of Southampton,*   943 F Supp 2d 365, 382 (E.D.N.Y. May 4, 2013)          pg. 7

*Colon v Coughlin*, 58 F3d 865, 873 (2nd Cir. 1995)          pg. 10

*Crawley v City of Syracuse*, 496 F Supp 2d 718, 729 (N.D.N.Y. Oct 21, 2020)          pg. 8

*Deferio v City of Syracuse*, 770 F. App'x 587, 589 (2nd Cir 2019)          pg. 8

*Doe v Green*, 592 F Supp 2d 523 (W.D.N.Y. Jan 6, 2009)          pg. 6

*Doe v Pfrommer*, 148 F 3d 73, 82 (2nd Cir. 1998)          pg. 12

*Durr v Slator*, 2021 WL 3930704, at *19, 20 (N.D.N.Y. Sep 2, 2021)          pg. 12, 14

*Dzwonczyk v Syracuse City Police Department,*
710 F Supp 2d 248, 273 (N.D.N.Y. Dec. 22, 2008)          pg. 14

*Gagliardi v Village of Pawling*, 18 F 3d 188, 194 (2nd Cir 1994)          pg. 7

*Gallop v Cheney*, 642 F3d 344, 369 (2nd Cir. 2011)          pg. 7

*Graham v Henderson*, 89 F 3d 75 82 (2nd Cir 1996)          pg. 7

*Grant v City of Syracuse,*

5:15-cv-445 (LEK/TWD), 2017 WL 5564605, at *9 (N.D.N.Y. Nov 17, 2017)     pg. 7

*Hayden v Paterson*, 594 F3d 150, 161 (2nd Cir. 2010)     pg. 2

*Henderson v Williams*,
No. 3:10-cv-1621 (JCH), 2013 WL 1984545 at *3n.3. (D. Conn. May 13, 2013)     pg. 3

*Hernandez v Keane*, 341 F3d 137, 145 (2nd Cir. 2003)     pg. 10

*Holland v City of New York*, 197 F Supp 2d 529, 551 (S.D.N.Y. June 24, 2016)     pg. 11

*Jackson v City of Syracuse*,
5:20-cv-1215, 2021 WL 3710494, at *9 (N.D.N.Y. Aug 20, 2021)     pg. 4

*Johnston v City of Syracuse*,
No. 5:20-cv-1497, 2021 W.L. 3930703, at *5 (N.D.N.Y. Sept 2, 2021)     pg. 3

*Jones v Town of E. Haven*, 691 F3d 72, 81 (2nd Cir. 2012)     pg. 9

*Lefevre v County of Albany*,
No. 1:14-cv-155 (GLS/RFT), 2015 WL 1626005, at *4 (N.D.N.Y. Apr 13, 2015)     pg. 9

*Lindsey v Butler*, 43 F Supp 2d 317, 330 (S.D.N.Y. Aug 29, 2014)     pg. 11

*Louer v City of New York*, 95 NY 2d 95, 99 (2000)     pg. 16

*Lynch v City of New York*, 925 F3d 67, 75 (2d Cir. 2020)     pg. 6

*McLean v City of New York*, 12NY3d 194, 203 (2009)     pg. 16

*Naccarato v Scarselli*, 124 F Supp 2d 36, 45 (N.D.N.Y. Dec. 14, 2000)     pg. 15

*New York State CPLR*, Section 215     pg. 14

*Ricciuti v N.Y.C. Transit Authority*, 941 F 2d 119, 123 (2nd Cir 1991)     pg. 10

*Richardson v Goord*, 347 F3d 431, 435 (2nd Cir. 2003)     pg. 10

*Romer v Morgenthau*, 119 F Supp 2d 346, 363 (S.D.N.Y. Sep 26, 2000)     pg. 6

*Simmons v Ferrigno*,
6:17-cv-06176 MAT, 2019 WL 12361880, at *8 (W.D.N.Y. Aug 5, 2019)     pg. 4

*Strong v City of Syracuse*, 5:16-cv-1054, 2020 WL 137250 at *2 (N.D.N.Y. Jan 13, 2020) pg. 8,9

*Tardiff v City of New York*, 991 F 3d 394 (2nd Dept. 2021)     pg. 13

*Thomas v City of Troy*, 293 F Supp 3d 282, 298 (N.D.N.Y. Mar 22, 2018)     pg. 8

*Valdez v City of New York*, 18 NY 3d 69, 76 (2011)     pg. 16

*Vassenelli v State University of New York*,
No. 5:17-cv-00082, 2018 WL 1406629, at *3 (N.D.N.Y Mar 19, 2018)     pg. 13,14

*Ying Li v City of New York*, 246 F Supp 3rd 578, 619 (E.D.N.Y. Mar 31, 2017)     pg. 5

## ISSUES

1.      Are the Ogdensburg Police Department Officers entitled to partial dismissal of plaintiffs' first cause of action alleging violations of civil rights under section 1983?

2.      Should the plaintiffs' second cause of action be dismissed against the Ogdensburg Police Officers as they cannot be alleged to be both direct participants and having failed to intervene?

3.      Did the plaintiffs allege a meeting of the minds sufficient to support a conspiracy to interfere with Mr. Lalonde's right or to deprive him of equal protection, and shuold plaintiffs' fourth, ninth and tenth causes of action be dismissed?

4.      Did the plaintiffs fail to allege any custom, policy, pattern or practice of the City of Ogdensburg that leads to the deprivation of their constitutional rights?

5.      Should plaintiffs' seventh cause of action for negligently hiring and supervision which is based on respondeat superior be dismissed?

6.      Is the plaintiff's eighth cause of action alleging a violation of the Americans with Disabilities Act insufficient to state a claim?

7.      Should plaintiffs' claims for negligent infliction of emotional distress must be dismissed because they failed to allege that plaintiff Theresa Lalonde was threatened with physical harm?

8.      Should plaintiffs' State Law claim for intentional infliction of emotional distress be dismissed as time-barred?

9.      Should plaintiffs' thirteen cause of action for negligence be dismissed?

10.     Should plaintiff's fourteen cause of action be dismissed against Officer Wilson?

## PRELIMINARY STATEMENT

Defendants City of Ogdensburg, City of Ogdensburg Police Department, Ogdensburg Police Department Chief Robert Wescott, Police Officers Charles Shaver, Danielle Pryce, Joshua Sirles and Scott Wilson (hereinafter "Ogdensburg Defendants") join with St. Lawrence County in moving to dismiss Plaintiffs' claims as set forth in their February 18, 2022 complaint. Plaintiffs' complaint fails to state a cause of action against the Ogdensburg Defendants and therefore must be dismissed.

## STATEMENT OF FACTS

Plaintiff, Mr. Lalonde alleges that on March 1, 2020 he was loudly arguing and exchanging expletives with his daughter's boyfriend in the street outside his home. (See complaint paragraphs 17 and 20). One of Mr. Lalonde's neighbors called 911 to report this late night disturbance. (See complaint paragraph 20). Ogdensburg Police Officer Charles Shaver arrived at the scene and identified himself to the Plaintiff. (See complaint paragraphs 21 and 22). Two other Ogdensburg Police Officers, as well as Sheriff Matthew Merria arrived shortly thereafter. (See complaint, paragraph 24). Plaintiff alleges that Officer Pryce was screaming and circling around him. (See complaint, paragraph 26). Plaintiff turned his body while tracking Officer Pryce's voice, and then the other three officers tackled him from behind. (See complaint, paragraphs 27 and 28). It is alleged that Officers Sirles, Shaver and Merria were on Mr. Lalonde's back, while Officer Pryce had her knee on his ear. Sheriff Merria was ordering the Plaintiff to release his arm from under his body and yanking on it in order to handcuff the Plaintiff. (See complaint, paragraph 31). It is alleged that at this time Officer Shaver tased Mr. Lalonde twice before Sheriff Merria was able to get Mr. Lalonde's left arm behind his back in order to handcuff him. (See complaint, paragraphs 34 and 35). Mr. Lalonde was handcuffed, placed in a patrol car and driven to a police station by unnamed officers. (See complaint,

1

paragraphs 37-40).  With the exception of the above references, no other specific actions were attributed to individual Ogdensburg Police Officers relating to the incident in the street and Mr. Lalonde's arrest and transport to a police station.  (See complaint, paragraphs 17-41).

Plaintiffs allege that unnamed officers and Chief Wescott refused to accommodate Mr. Lalonde by making him stand facing the wall with his hands stretched out.  (See complaint, paragraph 42).  Plaintiffs allege Mr. Lalonde was intentionally and mockingly refused accommodations due to his disability.  It is alleged that unnamed officers and Chief Wescott fabricated an explanation for Mr. Lalonde's injuries while interrogating him.  (See complaint, paragraph 45).  Mr. Lalonde was transported to a local medical facility for treatment of his injuries.  (See complaint, paragraph 46).

On or about April 1, 2021 Mr. Lalonde was asked by Officer Wilson to come to the Ogdensburg Police Station to complete processing relating to his arrest from March 1, 2020. (See complaint, paragraphs 56 and 57).  Officer Wilson went to Mr. Lalonde's house to pick him up in order to complete processing.  (See complaint, paragraphs 57 and 58).  Mr. Lalonde went with Office Wilson to the police station.  (See complaint, paragraph 57).  Criminal charges were dropped against Mr. Lalonde sometime prior to April 1, 2021.  (See complaint, paragraph 58).

Plaintiffs have offered only conclusions with little specificity in their complaint, insufficient to withstand a motion to dismiss. *Hayden v Paterson*, 594 F3d 150, 161 (2nd Cir. 2010).  Throughout their complaint Plaintiffs allege actions by unspecified officers dragging him to the patrol car and throwing his body inside  (See complaint, paragraphs 36 and 37); being handcuffed to the ceiling of a patrol car, interrogated, and being removed from the car.  (See complaint, paragraphs 38-40).  Plaintiffs' complaint lacks sufficient factual allegations against the individual Ogdensburg Defendants as is required under Rule 8, and therefore should be dismissed.

ARGUMENT

I.    THE OGDENSBURG POLICE DEPARTMENT OFFICERS ARE ENTITLED TO
PARTIAL DISMISSAL OF PLAINTIFFS' FIRST CAUSE OF ACTION ALLEGING
VIOLATIONS OF CIVIL RIGHTS UNDER SECTION 1983

    A.    *The Assault, Battery And False Imprisonment Claims Should Be Dismissed As
Duplicative*

As well noted in co-defendant St. Lawrence County's Memorandum of Law, there is no

Federal common law for torts such as assault and battery claims; such claims constitute

excessive force. *See Boyler v City of Lakawanna,* 287 F. Supp. 3d 308, 323 (W.D.N.Y. Feb 27,

2018); citing *Henderson v Williams*, No. 3:10-cv-1621 (JCH), 2013 WL 1984545 at *3n.3. (D.

Conn. May 13, 2013); *Johnston v City of Syracuse,* No. 5:20-cv-1497, 2021 W.L. 3930703, at *5

(N.D.N.Y. Sept 2, 2021).  A claim of false imprisonment is duplicate of false arrest.  *Johnston,*

2021 W.L. 3930703 at *5; citing *Bowman v City of Middletown*, 91 F Supp 2d 644, 660

(S.D.N.Y. Apr. 4, 2000).  As such, Plaintiff's first cause of action should be limited to false

arrest and excessive force.

    B.    *Plaintiffs' First Cause Of Action Partially Fails Under The Group Pleading
Doctrine*

Plaintiffs failed to allege specific acts by individual Ogdensburg Police Officers which

violated Mr. Lalonde's rights.  Allegations against Ogdensburg Police Officers individually

describe elements of an arrest involving Officers Pryce, Shaver and Sirles.  (See complaint,

paragraphs 26, 28, 30, 34).  No specific officer is identified as having dragged Mr. Lalonde to the

unspecified patrol car, to have handcuffed him in the vehicle, or removed him once they arrived

at the station.  (See complaint, paragraph 37-40).  Officers Shaver, Sirles, and Pryce have not

been given proper notice of the allegations against them under Rule 8.  As such, Plaintiffs' first

of action should be limited to a claim of false arrest and/or excessive force arising out of their

actions forcing Mr. Lalonde to the ground and restraining him.

3

## II.   THE PLAINTIFFS' SECOND CAUSE OF ACTION MUST BE DISMISSED AGAINST THE OGDENSBURG POLICE OFFICERS AS THEY CANNOT BE ALLEGED TO BE BOTH DIRECT PARTICIPANTS AND HAVING FAILED TO INTERVENE

There is no dispute that all law enforcement officers have an affirmative duty to intervene to protection the Constitutional rights of citizens from infringements by other police officers. However, an officer who was alleged to have used excessive form cannot also be held liable for failure to intervene.  Such conduct as a direct participant precludes a finding that the officer passively collaborated in the deprivation of rights by others. *Simmons v Ferrigno*, 6:17-cv-06176 MAT, 2019 WL 12361880, at *8 (W.D.N.Y. Aug 5, 2019).

### A.   The Arrest

Plaintiffs specifically allege direct actions by Ogdensburg Police Officers Shaver, Pryce and Sirles at the time Mr. Lalonde was arrested on March 1, 2020.  Officers Sirles and Shaver allegedly joined Sheriff Merria in forcing Mr. Lalonde to the ground, and Officer Pryce dropped her knee on his ear in order to subdue him.  (See complaint, paragraphs 28 and 30).  Officer Shaver also tased Mr. Lalonde twice to get his cooperation.  (See complaint, paragraphs 34 & 35).  Plaintiffs cannot state a claim for failure to intervene against Ogdensburg Police Officers Shaver, Pryce and Sirles where it is alleged that they each used excessive force against Mr. Lalonde. *Jackson v City of Syracuse*, 5:20-cv-1215, 2021 WL 3710494, at *9 (N.D.N.Y. Aug 20, 2021).

### B.   Post Arrest

Plaintiffs do not allege any specific actions by Ogdensburg Police Officers Shaver, Pryce and Sirles following the arrest on the street outside Mr. Lalonde's home.  (See complaint, paragraphs 39-59).

Plaintiffs alleged that on or about April 1, 2021 Ogdensburg Police Officer Mr. Scott Wilson appeared at their residence to ask Mr. Lalonde to come with him to the police station for

4

further processing.  (See complaint, paragraph 57-58).  With the exception of this specific

reference to Ogdensburg Police Officer Scott Wilson, there are no specific allegations against

any individual Ogdensburg Police Officers.  All references post arrest are generalized conclusory

allegations against "Defendant Officers".

      Generalized and conclusory allegations do not give "fair notice of what Plaintiff's claim

is and the grounds upon which it rests."  *Ying Li v City of New York*, 246 F Supp 3rd 578, 619

(E.D.N.Y. Mar 31, 2017).  All post arrest allegations against Ogdensburg Police Officers Shaver,

Pryce and Sirles must be dismissed.  *Bouche v City of Mount Vernon*, No. 11 Civ 5246 (SAS),

2012 W.L. 987592, at *7 (S.D.N.Y. Mar. 23, 2012).  Likewise, the post arrest allegations against

Officer Scott Wilson for failure to intervene must be dismissed, as there is no indication that he

had any involvement in any actions post arrest, with the exception of going to Mr. Lalonde's

house alone on April 1, 2021 to ask him to come to the police station.

      C.    *Fabrication of Evidence*

      The allegations of fabricating evidence are made against "Officers" generally without

specifying any individual officer.  (See complaint, paragraph 44).  In other words, there is no

specific allegation in the complaint that Officers Shaver, Pryce, Sirles and Wilson fabricated

evidence or had an opportunity to intervene.  (See complaint, paragraph 44).  As co-defendant St.

Lawrence County points out, the complaint does not allege where or to whom the allegedly

fabricated statements were made.  Nor is there any allegation that any of these officers were

present at the time the alleged fabrication took place. As such, Plaintiffs' second cause of action

should be dismissed.

III.   PLAINTIFFS HAVE NOT ALLEGED A MEETING OF THE MINDS SUFFICIENT
TO SUPPORT A CONSPIRACY TO INTERFERE WITH MR. LALONDE'S RIGHTS OR TO
DEPRIVE HIM OF EQUAL PROTECTION, AND AS SUCH PLAINTIFFS' FOURTH,
NINTH AND TENTH CAUSES OF ACTION MUST BE DISMISSED.

Plaintiffs' fourth cause of action asserts that "Defendant Officers" and Chief Wescott
conspired to deprive Mr. Lalonde of his civil rights.  They also allege in their ninth cause of
action[1] that "Defendant Officers" and Chief Wescott conspired to deprive Mr. Lalonde of his
equal protection rights.  Both causes of action must be dismissed, as Plaintiffs have failed to
plead facts suggesting a meeting of the minds or a discriminatory motive.

A.   Failure to Plead a Meeting of the Minds

Plaintiff must allege a factual basis supporting a meeting of the minds in order to
maintain a conspiracy claim.  *Brady v IGS Realty Company, L.P.*, 20-3512, 2021 WL 4302737,
at *2 (2nd cir. 2021); see also *Romer v Morgenthau*, 119 F Supp 2d 346, 363 (S.D.N.Y. Sep 26,
2000).  As co-defendant St. Lawrence County points out it its brief, Plaintiffs complaint only
alleges that the unnamed Defendant Officers "acted in concert' and "reached a mutual
understanding" in support of the Section 1983 claim.  (See complaint, paragraphs 88 and 93).
Such statements are conclusory and not entitled to a presumption of truth.  *Lynch v City of New
York*, 925 F3d 67, 75 (2d Cir. 2020).  The only reason Plaintiffs allege a conspiracy is because
the "Defendant Officers" arrived on the scene at the same time and confronted Mr. Lalonde at
the same time and in the same manner.  (See complaint, paragraph 91). Such assertions are
speculative at best and do not support a claim for conspiracy.  *Bell Atlantic Corp v Twombly,* 550
U.S. 544, 556 (2007); see also *Doe v Green*, 592 F Supp 2d 523 (W.D.N.Y. Jan 6, 2009).

As co-defendant well points out, Plaintiffs make no allegations as to how the Defendants
conspired with one another in furtherance of the section 1985 conspiracy claim: "[Defendants]

---

[1] Plaintiffs have labeled their numerical Ninth cause of action as their
"Eighth cause of action", however, they have included two "Sixth Cause of
Action". In the interest of clarity, we will refer to the cause of action
that begins at complaint paragraph # 138 as the Ninth Cause of Action.

conspired with each other, and reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten and intimidate Mr. Lalonde." (See complaint, paragraph 139). Nowhere do the Plaintiffs identify what the mutual understanding was or the course of conduct agreed to. Dismissal is appropriate where the Plaintiffs have failed to offer "a single fact to corroborate [the] allegation of a 'meeting of the minds' among the conspirators". *Gallop v Cheney*, 642 F3d 344, 369 (2nd Cir. 2011). Plaintiffs fourth and ninth causes of action for conspiracy must be dismissed for failure to plead non-conclusory allegations that there was a meeting of the minds.

> B.    *Lack of Discriminatory Motive*

In order to state a claim for conspiracy to deprive an individual of equal protections under Section 1985(3), the Plaintiff must allege that the conspiracy was "motivated by racial or related – class based discriminatory animus". *Graham v Henderson*, 89 F 3d 75 82 (2nd Cir 1996). There must be "specific factual allegations regarding the…discriminatory intent of the conspirators." *Chillemi v Town of Southampton*,   943 F Supp 2d 365, 382 (E.D.N.Y. May 4, 2013).

Nowhere do the Plaintiffs allege facts that the Defendants intended to discriminate against Mr. Lalonde. All they have offered are conclusory statements that Defendants' actions were "motivated" by discriminatory animus. (See complaint, paragraphs 143 and 144). Although the Plaintiffs have raised allegations of excessive force, there is no factual assertion that the Ogdensburg Police Officers were motivated by a discriminatory animus. As such, Plaintiffs' ninth cause of action must be dismissed.

> C.    *Plaintiffs' Tenth Cause of Action For Failure To Prevent a Conspiracy Must Be Dismissed*

A claim for failure to prevent a conspiracy only lies if there is a viable Section 1985 conspiracy claim. *Gagliardi v Village of Pawling*, 18 F 3d 188, 194 (2nd Cir 1994); *Grant v City*

*of Syracuse,* 5:15-cv-445 (LEK/TWD), 2017 WL 5564605, at *9 (N.D.N.Y. Nov 17, 2017).

This court must dismiss Plaintiffs' Section 1986 claim that the Defendants failed to prevent a

conspiracy to deprive the Plaintiffs of their rights if is dismisses their Section 1985 conspiracy

claim.

IV.   PLAINTIFFS HAVE FAILED TO ALLEGE ANY CUSTOM, POLICY, PATTERN OR
PRACTICE OF THE CITY OF OGDENSBURG THAT LEADS TO THE DEPRIVATION OF
THEIR CONSTITUTIONAL RIGHTS

In order to establish municipal liability under Section 1983, the Plaintiff must show that

the deprivation of constitutional rights was "caused by governmental custom, policy or usage of

the municipality". *Deferio v City of Syracuse*, 770 F. App'x 587, 589 (2nd Cir 2019).  This is

established by:

> "(1) a formal policy that has been officially endorsed by the municipality…(2) an action
> taken by an official who is responsible for establishing municipal policies with respect to
> the subject matter in question…(3) the widespread practice that is so 'permanent and well
> settled as to constitute a 'custom or usage' with the force of law'… or (4) a failure to
> train, supervise or discipline that 'amounts to a deliberate indifference to the rights of
> persons with whom the police come into contact[.]" *Strong v City of Syracuse*, 5:16-cv-
> 1054, 2020 WL 137250 at *2 (N.D.N.Y. Jan 13, 2020).

Plaintiffs' allegations suggest that they are proceeding on a failure to train theory.  (See

complaint, paragraphs 108(a-h), 109).

For such a claim to survive a motion to dismiss, "a Plaintiff must allege sufficient factual

detail and not mere boilerplate allegations that the violation of the Plaintiff's constitutional rights

resulted from the municipality's custom or official policy." *Thomas v City of Troy*, 293 F Supp

3d 282, 298 (N.D.N.Y. Mar 22, 2018).  In essence, factual details that would demonstrate that

the municipality has "acquiesed in or tacitly authorized its subordinates' unlawful actions are

needed." *Crawley v City of Syracuse*, 496 F Supp 2d 718, 729 (N.D.N.Y. Oct 21, 2020).

Plaintiffs have failed to do so here.

A.      *De Facto Policy*

Isolated acts of excessive force "are generally not sufficient to demonstrate a municipal custom, policy or usage that would justify a municipal liability." *Jones v Town of E. Haven*, 691 F3d 72, 81 (2nd Cir. 2012). A de facto policy may be adequately plead where the Plaintiff can point to similar complaints, misconduct or court cases raising similar allegations. *Burari v City of New York*, 530 F Supp 2d 356, 399 (S.D.N.Y. Mar 30, 2021). Plaintiffs have failed to plead any other incidents, complaints or documented misconduct by the City of Ogdensburg Police Department aside from the single, isolated act of excessive force herein. Such allegation does not support the claim as alleged.

B.      *Failure to Train*

A Monell claim based on a failure to train amounts to a deliberate indifference to a Plaintiff's rights. The Plaintiff must plead a known pattern of unconstitutional conduct by the police force that was deliberately ignored by the policy maker. *Strong*, 2020 WL 137250 at *3; *Baker v Spinner*, 8:18-cv-000950 (BKS/DGS), 2019 WL 343 918, at *8 (N.D.N.Y. July 30, 2019); *Lefevre v County of Albany*, No. 1:14-cv-155 (GLS/RFT), 2015 WL 1626005, at *4 (N.D.N.Y. Apr 13, 2015) ("as articulated by the Supreme Court, it is 'ordinarily necessary' for a Plaintiff to show '[a] pattern of similar constitutional violations by untrained employees [in order] to demonstrate deliberate indifference for purposes of failure to train.'"). The Plaintiff must "allege facts that support an inference that the municipality failed to train its police officers, that it did so with deliberate indifference, and that the failure to train caused his constitutional injuries." *Buari*, 530 F Supp 2d at 400. The Plaintiffs have failed to plead any facts indicating that the City of Ogdensburg was on notice of prior unconstitutional conduct and actions by its police force such that it could be deemed to have deliberately disregarded such actions.

Here there is not a single allegation of instances of similar conduct or that the City of Ogdensburg knew of such prior actions by its police officers. There was no pattern,

9

governmental custom or policy alleged to support Plaintiff's claims. As such, Plaintiffs' claim

for municipal liability via Monell against the City of Ogdensburg must be dismissed. *Ricciuti v*

*N.Y.C. Transit Authority*, 941 F 2d 119, 123 (2nd Cir 1991).

V.    PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR NEGLIGENTLY HIRING AND
SUPERVISION IMPROPERLY RESTS ON RESPONDEAT SUPERIOR, AND MUST BE
DISMISSED

A claim for supervisory liability must allege "the Defendant's personal involvement in

the alleged constitutional violation" and cannot merely rest on Respondeat Superior. *Richardson*

*v Goord*, 347 F3d 431, 435 (2nd Cir. 2003). Personal involvement may be shown by:

> "(1) actual direct participation in the constitutional violation, (2) failure to remedy a
> wrong after being informed through a report or appeal, (3) creation of a policy or custom
> that sanctioned conduct amounting to a constitutional violation, or allowing such a policy
> or custom to continue, (4) grossly negligent supervision of subordinates who committed a
> violation, or (5) failure to act on information indicating that unconstitutional acts were
> occurring". *Hernandez v Keane*, 341 F3d 137, 145 (2nd Cir. 2003); citing *Colon v*
> *Coughlin*, 58 F3d 865, 873 (2nd Cir. 1995).

Conclusory allegations that the supervisory official was personally involved is

insufficient. *Bryant v Ciminelli*, 267 F Supp 3d 475-76 (W.D.N.Y. July 26, 2017).

Plaintiffs have alleged that Chief Wescott was acting supervisory personnel for the

Ogdensburg Police Department with oversight responsibility for Officers Pryce, Sirles, Shaver

and Wilson when they allegedly deprived Mr. Lalonde of his constitutional rights. They further

allege that Chief Wescott was personally involved "in both the deprivation of Mr. Lalonde's

constitutional rights and in creating or condoning policy or custom by failing to take preventive

and remedial measures to guard against such constitutional deprivation." (See complaint,

paragraph 119).

Plaintiffs specifically alleged that Chief Wescott ridiculed and refused to accommodate

Mr. Lalonde by requiring him to stand facing a wall with his hands outstretched touching the

wall while he was interrogated, and "concocted a fallacious series of events that served to justify

the grounds for their arrest and/or infliction of 'reasonable' force". (See complaint, paragraphs

42 and 44).  Without detailed explanation, Plaintiffs allege that Chief Wescott ratified his

officers conduct (complaint paragraph 50) and ordered Officer Wilson to make a service call on

Mr. Lalonde's residence, requesting that he accompany him to the police station on or about

April 1, 2021 for further interrogation.  (See complaint, paragraphs 56-58).

"In order to hold supervisors liable for creating a custom or policy fostering a

constitutional violation, courts in this Circuit have required that plaintiffs plead more than

conclusory allegations of the existence of the custom or policy." *Lindsey v Butler*, 43 F Supp 2d

317, 330 (S.D.N.Y. Aug 29, 2014).  Allegations of supervisory liability have been deemed

insufficient to state a claim where none of the allegations assert that the police chief was

personally involved.  *Bryant*, 267 F Supp 3d at 476.  The mere fact that the police chief is the

highest-ranking officer is insufficient to support a supervisory liability claim.

Plaintiffs allege that Chief Wescott was "personally involved…in creating or condoning a

policy or custom of failing to take preventive and remedial measures to guard against

constitutional deprivations" and was "reckless in [his] failure to supervise" subordinates.  (See

complaint, paragraphs 119 and 120).  These allegations are similar to those in *Bryant* which were

found insufficient to state a claim for supervisory liability because they failed to allege the

supervisors' personal involvement.  There is no particularity in the allegations with respect to

what policy Chief Wescott is even alleged to have created or condoned, let alone the conduct he

deliberately disregarded.  It is insufficient to claim that Chief Wescott is liable for Mr. Lalonde's

alleged constitutional deprivation simply because he is the highest-level individual in the

Ogdensburg Police Department.  *Holland v City of New York*, 197 F Supp 2d 529, 551 (S.D.N.Y.

June 24, 2016).  As such, Plaintiff's seventh cause of action should be dismissed.

VI.   PLAINTIFFS' EIGHTH CAUSE OF ACTION ALLEGING A VIOLATION OF THE AMERICANS WITH DISABILITIES ACT IS INSUFFICIENT TO STATE A CLAIM

A.   *The ADA Does Not Allow Claims Against Individuals*

As co-defendant St. Lawrence County well points out in its brief, Title II of the Americans with Disabilities Act does not allow actions against a person in their individual capacity. *Durr v Slator*, 2021 WL 3930704, at \*19, 20 (N.D.N.Y. Sep 2, 2021).  This Court has already rejected the argument that Section 1983 provides Plaintiffs with a method for enforcing their ADA rights against individuals. *Durr*, 2021 WL 3930704 at \*19, 20. As such, the Plaintiffs cannot legally state a claim for relief under the Americans with Disabilities Act against Chief Robert Wescott, and Officers Charles Shaver, Danielle Pryce, Joshua Sirles and Scott Wilson.

B.   *Plaintiffs Have Failed to Allege that the City of Ogdensburg and City of Ogdensburg Police Department Discriminated Against Mr. Lalonde because of His Disabilities*

Plaintiffs' Americans with Disability Act (ADA) claim against the Ogdensburg Defendants must be dismissed due to a lack of causation.

To state a claim for relief under the ADA, the Plaintiff must demonstrate that (1)  he is a qualified individual with a disability, (2) that the Defendant is subject to the ADA, and (3) "that Plaintiffs were denied the opportunity to participate in or benefit from Defendants' services, programs, or activities, or were otherwise discriminated against by Defendants, by reason of Plaintiffs' disabilities." *Doe v Pfrommer*, 148 F 3d 73, 82 (2nd Cir. 1998) [emphasis added]. Here the Plaintiffs do not plead facts sufficient to infer that the City of Ogdensburg or its officers were involved in any alleged discrimination or that Mr. Lalonde was discriminated against because of his disability.

Presumably Plaintiffs are claiming that Mr. Lalonde is qualifiedly disabled due to his blindness. There is no specific allegation of actions by the Ogdensburg Defendants that were discriminatory against Mr. Lalonde because he is blind.

As such, Plaintiffs have failed to allege that the Ogdensburg Defendants discriminated against Mr. Lalonde because of his disabilities and their claim must be dismissed.

C.     *The ADA Claim is Precluded by Plaintiffs' Excessive Force Claim*

Co-defendant St. Lawrence County has noted that the facts in Plaintiffs' ADA claim are the same as their claims for excessive force.  Plaintiffs' ADA claim asserts a right to remain free from excessive force.  Specifically they allege: "In arresting Mr. Lalonde, Defendants failed to reasonably accommodate Mr. Lalonde's disabilities by (1) subjecting him to force, let alone barbaric excessive force,  when Defendant Officers knew and it was readily apparent that Mr. Lalonde was blind." (See complaint, paragraph 135).  In essence because he is blind, Mr. Lalonde should not be subjected to force.  As set forth in St. Lawrence County's brief, this is the type of claim precluded under *Tardiff v City of New York,* 991 F 3d 394 (2nd Dept. 2021).  As such, the ADA claim against the City of Ogdensburg Defendants must be dismissed as Mr. Lalonde's disability (blindness) was not, nor is alleged to be the cause of the use of excessive force.

By raising general allegations against all "Defendants", the Plaintiffs have not provided specific details sufficient enough to distinguish between the distinct municipal entities and their officers.  (See complaint, paragraph 135).  Plaintiffs allegations cannot form the basis for a cognizable ADA claim, and therefore must be dismissed.

D.     *Money Damages are not Recoverable Against the City of Ogdensburg for an Alleged ADA Violation as the Plaintiff has Failed to Plead Facts of Intentional or Deliberate Indifference*

In order to recover monetary damages for an ADA violation, the Plaintiff must demonstrate that the discrimination was intentional. *Vassenelli v State University of New York,*

No. 5:17-cv-00082, 2018 WL 1406629, at *3 (N.D.N.Y Mar 19, 2018).  Plaintiff must "allege facts showing that a policy maker acted with ill will or personal anonymity towards him because of his disability or that the policy maker acted with 'deliberate indifference' to his rights under the ADA" which requires facts that demonstrate that an "official with authority to address the alleged discrimination and to institute corrective measures on the Plaintiff's behalf had actual knowledge of ongoing discrimination against the Plaintiff but failed to respond adequately". *Vassenelli*, 2018 WL 1406629, at *3.  No facts have been alleged demonstrating intentional discrimination or that said discrimination against the Plaintiff was "ongoing".  Although it is alleged that Chief Wescott had knowledge of the alleged discriminatory conduct on March 1, 2020, no facts have been alleged that he was a "policy maker", and/or that he acted with "ill will or personal animosity" toward Mr. Lalonde because of his disability, let alone acted with "deliberate indifference".  "Id"

### VII.    PLAINTIFFS' CLAIMS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED AS THEY HAVE FAILED TO ALLEGE THAT PLAINTIFF THERESA LALONDE WAS THREATENED WITH PHYSICAL HARM

Plaintiffs allege that Mrs. Lalonde suffered emotional distress due to watching her husband's interaction with the police officers on March 1, 2020.  (See complaint, paragraphs 153-155).  In order to make a claim for negligent infliction of emotional distress as a bystander, it must be alleged that she "witnessed the death or serious bodily injury of a member of her immediate family" and that her own physical safety was threatened or endangered.  *Dzwonczyk v Syracuse City Police Department*, 710 F Supp 2d 248, 273 (N.D.N.Y. Dec. 22, 2008).  There are no facts alleged suggesting that Mrs. Lalonde was in any way part of her husband's interaction with the officers such that she feared for her own safety.  As such, this cause of action must be dismissed.

VIII.   PLAINTIFFS' STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS MUST BE DISMISSED AS TIME-BARRED

As St. Lawrence County points out in its brief, the statute of limitations for claims of

intentional infliction of emotional distress is one year. *New York State CPLR*, Section 215; *Durr*,

2021 WL 3930704, at *22.  Plaintiffs do not specify what alleged actions by the Defendant

officers were intended to inflict emotional distress.  All actions involving Ogdensburg Police

Officers Shaver, Pryce and Sirles occurred on March 1, 2020, more than a year before the

Plaintiffs filed their complaint on February 18, 2022.  The only other action that allegedly

occurred within one year of the filing date was Officer Wilson making a service call to Mr.

Lalonde's residence and requesting that he accompany him to the police station, and telling him

that if he refused a warrant would be issued for his appearance.  (R56-57).  There is nothing

alleged in the complaint that these actions by Officer Wilson were intended to inflict emotional

distress on Mr. Lalonde.  As previously mentioned, Plaintiffs refer to all "Defendant Officers"

without specifying any individual as being responsible for causing intentional infliction of

emotional distress.  This is inadequate.  Plaintiffs' twelfth cause of action must be dismissed.[2]

IX.   PLAINTIFFS' THIRTEENTH CAUSE OF ACTION FOR NEGLIGENCE MUST BE
DISMISSED

Where Plaintiffs bring "excessive force and assault claims which are premised upon a

Defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct

will not lie". *Naccarato v Scarselli*, 124 F Supp 2d 36, 45 (N.D.N.Y. Dec. 14, 2000).

Moreover, negligence claims must be dismissed where it is alleged that the law

enforcement officer was negligent by failing to exercise certain care in effectuating the arrest or

initiating prosecution.  *Bernard v United States*, 25 F3d 98, 102 (2nd Cir. 1994).

---

[2] Plaintiffs' complaint includes two "sixth" causes of action and two
"eleventh" causes of action.  Numerically Plaintiffs' cause of action for
intentional infliction of emotional distress is the twelfth cause of action
in the complaint

Plaintiffs' negligence claims against the Ogdensburg Defendants must be dismissed.

## X.    PLAINTIFFS' FOURTEENTH CAUSE OF ACTION MUST BE DISMISSED AGAINST OFFICER WILSON

Plaintiffs allege a cause of action against Defendant Officer Wilson for trespass. (See complaint, paragraphs 172-176). None of their allegations suggest that Officer Wilson acted outside of his role as a police officer with the Ogdensburg Police Department on April 1, 2021 when he appeared at their home. (See complaint, paragraphs 56 and 57, 172-175). As such, his alleged actions were in his official capacity on behalf of the City of Ogdensburg.

"A public employee's discretionary acts - - meaning conduct involving the exercise of a reasoned judgment - - may not result in the municipality's liability even when the conduct is negligent." *Valdez v City of New York*, 18 NY 3d 69, 76 (2011); citing *Louer v City of New York*, 95 NY 2d 95, 99 (2000). "Government action, if discretionary may not be the basis for liability, while administerial actions may be, but only if they violate a special duty owed to the Plaintiff, apart from any duty to the public in general." *McLean v City of New York*, 12NY3d 194, 203 (2009).

Plaintiffs do not allege a special duty, and their allegations do not describe Officer Wilson's actions in any manner outside his normal functions as a police officer:

1.    "OFFICER WILSON appeared at MR. LALONDE'S doorstep" (See complaint, paragraph 55);

2.    "OFFICER WILSON informed MR. LALONDE that for some undisclosed reason, the OPD failed to take MR. LALONDE'S fingerprints, mug shots, and gather other information with respect to MR. LALONDE'S March 1, 2020 arrest and subsequent prosecution." (See complaint, paragraph 56);

3.    "OFFICER WILSON informed MR. LALONDE that if he refused to accompany him to the police station, that the OPD would seek a warrant for his appearance." (See complaint, paragraph 56);

4.    "Upon requesting an accommodation on account of his disability OFFICER WILSON vehemently refused." (See complaint, paragraph 56); and

5.      "MR. LALONDE agreed to be taken to the police station." (See complaint, paragraph 57).

These allegations do not support a claim of trespass against Officer Wilson, or otherwise support a claim that his actions were beyond his role as a government employee fulfilling his official functions. As such Plaintiffs' cause of action for trespass against Officer Wilson must be dismissed.

CONCLUSION

Defendants City of Ogdensburg, City of Ogdensburg Police Department, Ogdensburg Police Department Chief Robert Wescott and Police Officers Charles Shaver, Danielle Pryce, Joshua Sirles and Scott Wilson respectfully request that this Court dismiss Plaintiffs' complaint against them, and grant them such other and further relief as this Court deems just and proper.

Dated: April 29, 2022

_____
Scott B. Goldie, Esq.
Ducharme Goldie & Adams P.C.
Attorneys for Defendants City of Ogdensburg, City of Ogdensburg Police Department, Ogdensburg Police Department Chief Robert Wescott, Police Officers Charles Shaver, Danielle Pryce, Joshua Sirles and Scott Wilson
2 Judson Street
Canton, New York 13617
Tel:     315-386-8544
Fax.:    315-379-0126
Email: sgoldie@dgalawny.com