UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

TIMOTHY LALONDE AND THERESEA LALONDE

                Plaintiffs,

-against-　　　　　　　　　　　　　　　　　　8:22-CV-164 (LEK/DJS)

CITY OF OGDENSBURG, *et al.*,

                Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I.　　INTRODUCTION**

On February 18, 2022, Plaintiffs Timothy Lalonde and Theresa Lalonde commenced this action by filing a complaint asserting claims against Defendants City of Ogdensberg, Saint Lawrence County, City of Ogdensburg Police Department, Saint Lawrence County Sheriff's Department, Ogdensburg Police Department Chief Robert Wescott, County of Saint Lawrence, Sherifff Brooks Bigwarfe, Charles Shaver, Danielle Pryce, Joshue Sirles, Scott Wilson, Sherifff Matthew Merria, and Does 1–100. Dkt. No. 1 ("Complaint").

On April 27, 2022, Defendants Brooks Bigwarfe, Matthew Merria, and the Saint Lawrence County Sheriff's Department filed a motion to dismiss. Dkt. No. 9. On April 29, 2022, Defendants City of Ogdensburg, City of Ogdensburg Police Department, Matthew Merria, Danielle Pryce, Charles Shaver, Joshua Sirles, Robert Wescott, and Scott Wilson filed a motion to dismiss. Dkt. No. 10. Plaintiffs filed responses in opposition. Dkt. No. 12, Dkt. No. 17. On March 16, 2023, the Court issued an Order granting in part and denying in part the motions to dismiss. Dkt. No. 22 ("March Order"). In the March Order, the Court allowed Plaintiffs' federal

Section 1986 claim, and state claims of false arrest, false imprisonment, negligent infliction of emotional distress, assault, and battery, to survive. March Order at 16–17, 34, 53–54.

On February 4, 2025, Defendants Saint Lawrence County Sheriff's Department, Brooks Bigwarfe and Matthew Merria (the "County Defendants") filed a motion for judgement on the pleadings. Dkt. No. 73 ("Motion"). Plaintiffs filed their response on February 28, 2025. Dkt. No. 80 ("Response"). The County Defendants filed their reply on March 11, 2025. Dkt. No. 81 ("Reply").

**II.     BACKGROUND**

The following facts are set forth as alleged in the Complaint. Plaintiffs Timothy Lalonde and Theresea Lalonde are married. Compl. at ¶ 178. Timothy Lalonde is "legally blind and partially disabled" as the result of his suffering from "life-threatening diseases that severely diminished [his] physical abilities." Compl. at ¶ 18. Upon arriving home, on March 1, 2020, Mr. Lalonde confronted his neighbor, Randall Outlaw, and "strongly criticized him for discharging a firearm outside of [Mr. Lalonde's] home while his daughter Ashley was not home and her three young children were present." *Id.* at ¶ 19. In the course of their argument Mr. Lalonde "became angry" and "exchang[ed] expletives" with Randall Outlaw. One of Plaintiffs' neighbors, hearing the exchange, called 911. *Id.* at ¶ 20.

Officer Shaver responded to a "911 call informing dispatch that two neighbors were loudly arguing in front of [Mr. Lalonde's home]". *Id.* at ¶ 17. Upon responding to the call, Officer Shaver "heard the tail end of the exchange that [Mr. Lalonde] was having with his daughter's boyfriend, Randall Outlaw." *Id.* Randall Outlaw resided in Mr. Lalonde's second home located next door to his primary residence. *Id.*

When Officer Shaver arrived at Plaintiffs' home, Mr. LaLonde's argument with Randall Outlaw had run its course. *See id.* at ¶ 22. "Approximately three minutes after both Officer Shaver's arrival and the . . . de-escalation of the [argument] . . . several law enforcement patrol cars came screeching to a halt in front of Mr. Lalonde's property." *Id.* at ¶ 23. Officer Pryce then "circl[ed]" Mr. Lalonde, "charged towards" him, and "began screaming at him." *Id.* at 26. Mr. LaLonde was then charged by Officers Sirles and Shaver, and Sheriff Merria, who forcefully rushed toward [Mr. Lalonde] and slammed his body with such force that [Mr. Lalonde]'s body came to rest upon a driveway on the opposite side of the street." *Id.* at ¶ 28.

Plaintiff Theresa Lalonde, "hearing the commotion" came out of her house "screaming . . . that her husband is blind . . . and that [they were] 'killing [him].'" *Id.* at ¶ 29. The Officers then subsequently subdued Mr. LaLonde by "placing [their] knee downward onto [Mr. Lalonde's] ear", "bashing his head against the pavement", and "inflict[ing] two taser shots." *Id.* at ¶ 30, 31, 34. Mr. Lalonde was then handcuffed. *Id.* at ¶ 38.

In the course of transferring Mr. Lalonde to the patrol car and subsequently the police station, the Officer Defendants additionally injured Mr. Lalonde by "straining his…arm", "throwing him…into the patrol car", and "yank[ing] [Mr. Lalonde] up off the ground … with such force that his jeans ripped." *Id.* at ¶ 37–40.

On or about April 1, 2021, approximately one year after the aforementioned events, Officer Wilson made "a service call to [Plaintiffs'] residence and request[ed] [Mr. Lalonde] to accompany him to the Police station." *Id.* at ¶ 56. Wilson then informed Mr. Lalonde that the police had "failed to take [his] fingerprints, mugshots, and gather other information with respect to [his] March 1, 2020 arrest and subsequent prosecution." *Id.* Defendant Wilson informed Mr. Lalonde that "if he refused to accompany him to the Police station, that the [Ogdensberg Police

3

Department] would seek a warrant for his appearance." *Id.* Mr. Lalonde subsequently went to the Police station where Wilson and Wescott "commenced with re-interrogating him regarding the March 1, 2020 arrest." *Id.* at ¶ 57.

## III. LEGAL STANDARD

The standard of review for a motion for judgment on the pleadings and that of a motion to dismiss are indistinguishable. *LaFaro v. N.Y. Cardiothoracic Grp. PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citing *DeMuria v. Hawkes*, 328 F.3d 704, 706 n. 1 (2d Cir. 2003)). Therefore, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must draw all reasonable inferences in favor of the plaintiff. *Id*. A complaint may be dismissed only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the moving party has not demonstrated that he is entitled to relief and the action is subject to dismissal. *See id.* at 678–79.

## IV. DISCUSSION

Defendants support their Motion with two main arguments. First, they argue that Plaintiffs' state-law claims against Deputy Merria are time-barred as a matter of law. Defs.' Mot.

4

at 3–8. Second, they argue that Plaintiffs' claims pursuant to 42 U.S.C. § 1986 against the County Defendants are untimely. Defs.' Reply at 3–4. For the reasons discussed below, Defendants' Motion is granted in its entirety.

### A. State Law Claims

Defendants argue that Plaintiffs state law claims against Deputy Merria should be dismissed as barred by the statute of limitations. Defs.' Mot. at 3–6. For the reasons discussed below, the Court agrees.

In New York State, a plaintiff who is suing a county or officer for personal injury sustained by "negligence or wrongful acts" has "one year and ninety days after the happening of the event upon which the claim is based" to bring suit. New York General Municipal Law § 50-i. There is, however, an exception to this general statute of limitations when a plaintiff demonstrates that the defendant is engaged in ongoing unlawful acts towards the plaintiff. *See Shannon v. MTA Metro-North R.R.*, 269 A.D. 2d 218, 219 (N.Y. App. Div. 2000). "Where a plaintiff alleges a continued series of extreme and outrageous acts each of which would be independently actionable, the Statute of Limitations does not begin to run until the last actionable act." *Dana v. Oak Park Marina, Inc.*, 230 A.D.2d 204, 210–11, 660 N.Y.S.2d 906, 911 (N.Y. App. Div. 1997). Separate and distinct tortious acts that impose separate harms are not continuing violations and therefore do not extend the statute of limitations. *See Elliott v. City of New York*, 723 F. Supp. 3d 249, 261 n. 6 (S.D.N.Y. 2024) ("Commission of a second tort… does not extend the statute of limitations period for an earlier tortious act.") (quoting *Lucas v. Novogratz*, No. 01 Civ. 5445, 2002 WL 31844913, at *7 (S.D.N.Y. Dec. 18, 2002)).

*1. False Arrest, False Imprisonment, Battery & Assault Claims*

Defendants in their Motion initially argued that Plaintiffs' state law claims for false arrest, false imprisonment, assault and battery should be dismissed as barred by the statute of limitations. Mot. at 1–6. Plaintiffs failed to oppose that argument in their Response, Pla.'s Resp. at 5, and Defendants in their Reply argued that Plaintiffs had therefore consented to the dismissal of those claims. Defs.' Reply at 2. The Court agrees for the reasons stated below.

A plaintiff's failure to oppose a portion of a motion means that they have impliedly consented to dismissal of the claims contained therein. *See Feacher v. Intercontinental Hotels Grp.*, 563 F. Supp. 2d 398, 408 (N.D.N.Y. 2008).

Here, Plaintiffs in their response state that the "County Defendants Move to Dismiss Non-Existent State Claims." Pla.'s Resp. at 5. They also expressly disclaim any reliance "upon state common law claims for false arrest/false imprisonment, civil assault, and/or civil battery." *Id.* Instead, they state that they are "exclusively relying upon [Section 1983] as the vehicle for asserting [their] False Arrest, Assault, Battery, [and] False Imprisonment [claims]". *Id.*[1]

The Court therefore agrees with the Defendants that Plaintiffs have failed to oppose their arguments regarding the statute of limitations regarding the aforementioned state law claims. *Id.* Accordingly, Plaintiffs' state law claims are also dismissed on the grounds that Plaintiffs have failed to oppose Defendants legal arguments concerning the statute of limitations.

---

[1] Section 1983 does not provide a cause of action for Plaintiffs' state law claims. Section 1983 only provides redress for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." 42 U.S.C. § 1983. It does not provide a cause of action for state tort claims not involving constitutional deprivations.

       2.   *Negligent Infliction of Emotional Distress (NIED) Claims*

       a.  <u>Waiver</u>

Defendants argue that Plaintiffs' state law claim for the NIED should be dismissed as untimely. Defs.' Mot. at 5–6. Plaintiffs in turn argue that Defendant waived their statute of limitations defense by failing to raise it in an earlier pre-answer motion. Resp. at 7. The Court finds for the reasons stated below that Defendant did not waive their statute of limitations defense.

The statute of limitations affirmative defense can be waived if it is not "asserted in a party's responsive pleading 'at the earliest possible moment'" *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987) (quoting *Santos v. District Council*, 619 F.2d 963, 967 n. 5 (2d Cir. 1980)). However, there is no requirement that a defendant assert a statute of limitations defense in a pre-answer motion to avoid waiver. *See Santos*, 619 F.2d at 967 (2d Cir. 1980). Indeed, as the Second Circuit has recognized "the express terms of Rule 12(h)(2)" permit a statute of limitations defense to be made in a "motion for the judgement on the pleadings" even absent it being raised in a pre-answer motion. *Id.* at 967 n. 4; Fed. R. Civ. P. 12(h)(2).

Here, Plaintiffs' argument regarding the waiver of Defendant's statute of limitations defense is without merit. Contrary to Plaintiffs' assertions, Defendants raised their statute of limitations defense in their answer to Plaintiffs' Complaint. *See* Dkt. No. 28. ¶ 185; Dkt. No. 31 ¶ 185. As discussed, Defendants were not required to raise the statute of limitations defense in any pre-answer motion to avoid waiver.

Accordingly, the Court finds that Defendant did not waive their statute of limitations defense and will analyze Defendants' arguments that Plaintiffs' NIED claims are barred by the statute of limitations.

b. <u>NIED Claim</u>

The continuing violations doctrine "allows a plaintiff to bring certain claims that would otherwise be barred by the statute of limitations, provided that an act contributing to that violation took place within the statutory period." *Lubavitch of Old Westbury, Inc. v. Incorporated Village of Old Westbury, New York*, 2023 WL 6521621 at *16 (E.D.N.Y. Feb. 7, 2023) (citing *Purcell v. New York Inst. Of Tech. – Coll of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir. 2019)) (cleaned up). Under this doctrine, a plaintiff who asserts a tort claim may rely on the final actionable event as the conduct comprising the tort for statute of limitations accrual purposes. *Shannon*, 704 N.Y.S.2d at 209.

To recover under a bystander theory of NIED a defendant's conduct must: (1) "be negligent in creating an unreasonable risk of bodily harm to a plaintiff" and; (2) a "substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence." *Baker v. Dorfman*, 239 F. 3d 415, 421 (2d Cir. 2000) (quoting *Bovsun v. Sanperi*, 461 N.E.2d 843, 844–45 (N.Y. 1984)).

Here, Defendant argues that the Plaintiffs' NIED claim is not saved by the application of the continuing violation doctrine. Defs.' Mot. at 6. The Court agrees. To successfully extend the statute of limitations under the continuing violation exception Plaintiffs would have to allege that an act "contributing to [the original] violation took place within the statutory time period", *Lubavitch*, 2023 WL 6521621 at *16 (quoting *Purcell*, 931 F.3d at 65) (cleaned up), which they have not done.

In fact, the Complaint does not contain any allegations of conduct that occurred post 2021, that would contribute to a claim for an NIED on a bystander theory. *See.* Compl. at ¶ 152–156. Specifically, Plaintiffs did not allege that in the April 2021 meeting that Defendants caused Ms. Lalonde to experience shock resulting from the contemporaneous viewing of serious injury or death inflicted on her husband by defendants. *See id; Baker*, 239 F.3d at 421. Rather, the Complaint is devoid of any allegations that Ms. Lalonde was present at the April 2021 meeting. *See* Compl. at ¶ 152–156.

Accordingly, because Plaintiffs did not allege any non-time-barred acts that could contribute to their NIED claim, the Court finds that the continuing violation exception does not apply and Plaintiffs' NIED claim is untimely. The Court grants Defendants' Motion to Dismiss Plaintiffs' NIED claim as barred by the statute of limitations.

### B.  Section 1986 Claims

Defendants finally argue that Plaintiffs' Section 1986 claims should also be dismissed as barred by the statute of limitations. Defs.' Mot. at 6–8. Section 1986, by its plain text, has a one-year statute of limitation. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). A Section 1986 claim accrues when the plaintiff "knows or has reason to know of the harm or injury that is the basis of his action." *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 354 (E.D.N.Y. 2013).

To the extent that the continuing violation exception applies to Section 1986, *see* " *Lubavitch*, 2023 WL 6521621 at *16 n.19, the doctrine can only extend the statute of limitation to the point at which "the [D]efendant has 'engaged in enough activity to make out an actionable claim'" *Id.* at *16 (quoting *Nat'l R. R. Passenger Corp v. Morgan*, 536 U.S. 101, 117 (2002)).

9

The continuing violation exception is also assessed on per-defendant basis, thus Plaintiffs must "allege an [wrongful] act committed by *each particular defendant* that falls within… the statutory period." *Lucente v. Cnty. Of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) (emphasis added).

Here, the Court finds Plaintiffs' Section 1986 claims as barred by the statute of limitations. The Defendants argued that Plaintiffs' Section 1986 claims were barred by the one year statute of limitations because: (1) Plaintiffs' Section 1986 claims "accrued on March 1, 2020"; and (2) the continuing violation doctrine doesn't apply to Plaintiffs' Section 1986 claims. Defs.' Mot. at 8–9.

First, the Court agrees that Plaintiffs were on notice on March 1, 2020, of the "harm or injury that [was] the basis of his action." *See Young*, 937 F. Supp. 2d at 354. On March 1, 2020, Mr. Lalonde had been the subject of the alleged use of force incident which gave rise to his Section 1986 claims. *See* Compl. at ¶¶ 30–31. Thus, Mr. Lalonde would have been on notice at that point to the harms that were the basis of his Section 1986 claims, and the statute of limitations accordingly started running on March 1, 2020.

Second, the Court agrees with Defendant that the continuing violation doctrine does not save Plaintiffs' Section 1986 claim. Plaintiffs' Complaint is completely devoid of any allegations that Defendants were involved in the April 2021 meeting, or engaged in any conduct that would have occurred within the period covered by statute of limitations. Compl. at ¶ 56-57. As the continuing violation doctrine applies on a per-defendant basis, Plaintiffs needed to demonstrate that a non-time barred act had been "committed by each particular defendant," *Lucente*, 980 F.3d at 310, which they did not do.

Also, even if the doctrine were to apply, the "limitations period [would] begin [] to run when the defendant had engaged in enough activity to make out an actionable claim." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (internal quotes omitted). In this case, that would be in March of 2020 after Mr. Lalonde had been subject to the use of force incident alleged in the Complaint. *See generally* Compl. Mr. Lalonde has not alleged that he was unaware of the violations in March of 2020, or that he was not on notice of Defendant's actions. *See Lubavitch*, 2023 WL 6521621 at *16.

Therefore, the Court finds that Plaintiffs' Section 1986 claims are barred by the statute of limitations and grants Defendants' Motion on Plaintiffs' Section 1986 claim.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the County Defendants' motion for judgment on the pleadings, Dkt. No. 73, is **GRANTED**; and it is further

**ORDERED,** that Plaintiffs' false arrest, false imprisonment, assault and battery, and negligent infliction of emotional distress, and Section 1986 claims are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 29, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge