UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TIMOTHY LALONDE AND THERESA LALONDE,

                Plaintiff,

-against-                                8:22-CV-164 (LEK/DJS)

CITY OF OGDENSBURG, *et al.*,

                Defendants.

---

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On February 18, 2022, Plaintiffs Timothy Lalonde and Theresa Lalonde commenced this action by filing a complaint asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986, the Americans with Disabilities Act, the Rehabilitation Act, as well as New York State law. *See generally* Dkt. No. 1 ("Complaint").

On February 4, 2025, Defendants Saint Lawrence County Sheriff's Department, Brooks Bigwarfe and Matthew Merria ("County Defendants") filed a motion for judgment on the pleadings. Dkt. No. 73 ("Motion"). On September 29, 2025, the Court issued a Memorandum-Decision and Order, granting the County Defendants' Motion in its entirety, dismissing Plaintiffs' state law claims against Deputy Merria and Section 1986 claims against the County Defendants as untimely. Dkt. No. 117 ("September Order").

On October 13, 2025, Plaintiffs filed a motion for reconsideration. Dkt. No. 121. ("Motion for Reconsideration"). Defendants filed a response in opposition on November 3, 2025. Dkt. No. 122 ("Response").  For the reasons that follow Plaintiffs' Motion for Reconsideration is denied.

## II.    BACKGROUND

The Court assumes that the parties are familiar with the factual and procedural background detailed in the September Order. *See* September Order at 2–4.

## III.    LEGAL STANDARD

Motions for reconsideration are governed by Rule 60 of the Federal Rules of Civil Procedure. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, or clear error must be corrected. *Long v. U.S. Dep't of Just.*, 778 F. Supp. 2d 222, 228–29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). Moreover, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

## IV.    DISCUSSION

Plaintiffs argue in their Motion for Reconsideration that in this case the Court committed "clear error" in finding that the Plaintiffs' claims against the County Defendants under 42 U.S.C. § 1986 were barred by the statute of limitations. *See* Mot. for Recon. at 11–19.

The Court understands Plaintiffs' primary arguments supporting their Motion for Reconsideration to be: (1) the Court erred in failing to apply the "last overt act" doctrine for

assessing claim accrual under Section 1986 and; (2) the Court erred in finding that Plaintiffs had failed to allege that the County Defendants had participated in non-time barred acts. *See id.* The Court will address each of these arguments in turn.

### A.  Last Overt Act Doctrine

Plaintiffs first argue that the Court committed clear error in the September Order when it failed to apply the "last overt act" doctrine in determining when claims accrue under 42 U.S.C. § 1986. *See* Mot. for Rec. at 11–17. The Court disagrees for the reasons stated below.

"Federal law governs the time of accrual of claims under the federal civil rights statutes," including Section 1986. *Smitherman v. New York City Dept. of Correction Investigation Complaint Unit*, 557 F. Supp. 877, 878 (S.D.N.Y. 1983) (citing *Singleton v. City of New York*, 632 F. 2d 185, 191 (2d Cir. 1980), *cert denied*, 450 U.S. 920 (1981)). Under federal law a claim generally accrues at the point that the "plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton*, 632 F. 2d at 191.

The continuing violation doctrine provides an "exception to the normal knew-or should have-known accrual date." *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999). "The doctrine generally provides that 'where there is an [unlawful] practice or policy, the accrual time for the statute of limitations may be delayed until the last act in furtherance of the policy.'" *Remegio v. Kelly*, No. 04 CIV 1877JGKMHD, 2005 WL 1950138 at *6 (S.D.N.Y. Aug. 12, 2005) (quoting *Velez v. Reynolds*, 325 F. Supp. 2d 293, 312 (S.D.N.Y.2004)). The doctrine, however, is not without limits and only "applies to claims 'composed of a series of separate acts that collectively constitute one unlawful practice.'" *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (quoting *Washington v. Cnty. Of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (cleaned up). As the Supreme Court recognized in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

114–15 (2002), it does not apply to "discrete acts." Rather, "each discrete [unlawful] act starts a new clock for filing charges alleging that act," and only those discrete acts that "took place within the timely filing period are actionable." *Id.* at 114.

Thus, "to invoke the doctrine [successfully], a plaintiff must demonstrate either: (1) a specific ongoing [unlawful] policy or practice; or (2) specific and related instances of [unlawful conduct] that are permitted to continue unremedied for so long as to amount to a[n] [unlawful] policy or practice." *See Velez*, 325 F. Supp. 2d at 312.

The mere existence of a conspiracy does not change the application of the doctrine. *Singleton*, 632 F. 2d at 192. As the Second Circuit stated in *Singleton*,

> Characterizing defendants' separate wrongful acts as having been committed in furtherance of a conspiracy or as "a single series of interlocking events" does not postpone accrual of claims based on individual wrongful acts. The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action . . . . The existence of a conspiracy [indeed] does not postpone the accrual of causes of action arising out of the conspirators' separate wrongs. It is the wrongful act, not the conspiracy, which is actionable, whether that act is labeled a tort or a violation of Section 1983.

*Id.* (citing *Korry v. International Telephone & Telegraph Corp.*, 444 F. Supp. 193 (S.D.N.Y 1978)). Thus, the continuing violation doctrine only applies in the conspiracy context where "no single act is sufficiently decisive to enable a person to realize that he has suffered a compensable injury." *Id.*

Plaintiffs, in support of their Motion for Reconsideration cite a number of cases that purport to support their argument that the Court should have utilized the 'last overt act' doctrine in its September Order, and that the application of such a standard would not bar Plaintiffs' Section 1986 claims. Overall, the Court finds that Plaintiffs are misreading the cases.

4

Plaintiffs specifically argue that the Court committed clear error when it failed to apply the 'last overt act doctrine' because "it is only the last overt act of a conspiracy that commences a conspiracy claim [sic] accrual." Mot. for Recon. at 11. Plaintiffs also cite to *Jones v. Coughlin*, 665 F. Supp. 1040, 1045–46 (S.D.N.Y. 1987), as well as numerous cases involving Sections 1985 and 1983, for the proposition that the "last-overt act" doctrine applies in this context. Both avenues are plainly wrong.

To start with, Plaintiffs have ignored the Second Circuit Court of Appeals' holding in *Singleton*, which is controlling. *See* 632 F. 2d at 193. In that case, the Second Circuit, as discussed in detail above, expressly stated that the mere continuation of existence of a civil conspiracy does not extend the statute of limitations to the last overt act but instead "the crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Id.* This is directly contrary to Plaintiffs' contention that the statute of limitations begins to run with the last overt act and applies backwards to the first act committed in furtherance of a conspiracy. *See* Mot. for Recon. at 11.

Moreover, Plaintiffs have misunderstood *Jones*. That case does not support their view of the 'last-overt act doctrine' as extending the statute of limitation to the point at which the last overt act is committed in furtherance of a conspiracy. *See* Mot. for Recon. at 11. Indeed, the court in that case held that in the context of a Section 1985 conspiracy claim, a "civil plaintiff will recover only those damages 'caused by' the overt acts of [a] conspiracy that *occurred within the period of the statute of limitations*." *Jones*, 665 F. Supp. at 1045 (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971)). It further held that the statute of limitations clock in the context of the 'last overt act' doctrine starts to run "with each act and accompanying

injury with respect to that act." *Id.* at 1046. Thus, even if *Jones* were controlling precedent, Plaintiffs' conception of the "last-overt act doctrine" is incorrect.

Finally, Plaintiffs also cite cases involving Sections 1985 and 1983 to support their argument that the statute of limitations begins to run with the last-overt act committed in furtherance of a Section 1986 conspiracy. *See* Dkt. No. 80 at 11–12 ("Response to Motion for Judgment on the Pleadings") (citing *Shomo v. City of New York*, 579 F.3d 176, 180–81 (2d Cir. 2009) (Section 1983); *Zhang Jingrong v. Chinese Anti-Cult World Alliance*, 287 F. Supp. 3d 290, 305 (E.D.N.Y. 2018) (Section 1985); *Leonard v. United States*, 6333 F.2d 599, 613 (2d Cir. 1980) (Section 1983); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986) (Sections 1985 and 1983)). None of these cases are controlling precedent that the Court overlooked it its September Order, nor do they provide support for Plaintiffs' argument that because Sections 1985 and 1986 are "contiguously tethered," claims accrue at the same time under both statutes. Mot. for Recon. at 13.[1]

Accordingly, the Court for the reasons stated above, finds that it did not commit "clear error" when it did not apply the "last overt act" doctrine in the September Order. Therefore, the Court denies Plaintiffs' Motion for Reconsideration on those grounds.

## B. Continuing Violation Doctrine for Individual Defendants

Plaintiffs' second argument is that the Court likewise "effectuated a clear error of law" when it failed to apply "the well settled law of conspiracy" in finding that the continuing

---

[1] In the September Order, the Court found Plaintiffs' Section 1986 claims against the County Defendants were barred by the statute of limitations because: (1) they were on notice of the harm that was the basis of their action on March 1, 2020, outside of Section 1986's statute of limitations; and (2) Plaintiffs had failed to allege that the County Defendants were involved in any non-time barred acts such that the continuing violation doctrine could apply. *See generally* September Order at 9–11.

violation doctrine applies on a per-defendant basis. Mot. for Recon. at 17. Plaintiffs specifically argue that the Court overlooked "controlling law" in failing to grapple with cases that establish that "a co-conspirator can be [liable] for the acts of each conspirator when perpetrated to effectuate the conspiracy's intention." *Id.* at 17–18.

In this Circuit, the continuing violation doctrine applies on a per-defendant basis. *See Lucente v. Cnty. of Suffolk*, 980 F.3d 285, 310 (2d Cir. 2020) (noting that the continuing violation doctrine could apply against individual defendants "as long as each plaintiff alleged an [unlawful act] committed by each particular defendant that falls within the [statute of limitations.]"); Shomo, 579 F.3d at 183 ("The continuing violation doctrine does not apply to the claim against [the individual defendant] because there is no indication that [the plaintiff] is able to allege acts involving [the defendant] that fall within the three-year statutory period."); *Wingate v. Samad*, 9:25-CV-207 (BKS/TWD), 2026 WL 45184, at *5 (N.D.N.Y. Jan. 7, 2026) (applying *Lucente*, to find that the continuing violation doctrine didn't apply where the plaintiff failed to differentiate between individual defendants).

The Court is not persuaded that it committed error. All of the cases that Plaintiffs cited in their Response to the Motion for Judgment on the Pleadings, as well as the instant Motion, merely establish the axiom that a conspirator is liable for the acts of a co-conspirator committed in furtherance of a conspiracy. *See* Mot. for Recon. at 17; Response to Motion for Judgment on the Pleadings at 10–11; *see e.g.*, *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 82 (2d Cir. 2003) (holding that each co-conspirator is liable for an act of a co-conspirator committed in furtherance of the conspiracy) (citing *Halberstram v. Welch*, 705 F.2d 472, 487 (D.C. Cir. 1983)).

The issue of whether a defendant is *liable* for a given unlawful act is distinct from whether a plaintiff has timely brought charges. Upon review of the cases cited by Plaintiffs, the

Court does not find any support for their argument that the continuing violation doctrine does not apply on a per-defendant basis in the context of a Section 1986 conspiracy.  *See* Mot. for Recon. 18–19 (citing *Halbestram*, 705 F.2d at 487 (holding that defendants are liable for the acts of co-conspirators committed in furtherance of a conspiracy), *Freeman*, 57 F.4th at 82 (same); *Pinkerton v. United States*, 328 U.S. 640, 646–47 (1946) (same); *Bannon v. United States*, 156 U.S. 464, 469 (1895) (same), *Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992, 1036 (E.D.N.Y. 2006) (same)).

In fact, Plaintiffs have actually overlooked controlling precedent. The Second Circuit Court of Appeals held in *Lucente*, 980 F.3d at 310, that the continuing violation doctrine only applies to an individual defendant where they were involved in a non-time-barred act. Plaintiffs have provided no controlling cases, nor made any arguments that contravene this holding. *See generally* Mot. for Recon.

Accordingly, the Court finds that it did not commit clear error when it purportedly failed to apply the general rules of conspiracy liability in the statute of limitations context. Thus, the Court denies Plaintiffs' Motion for Reconsideration on these grounds.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion for Reconsideration, Dkt. No. 121, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      March 31, 2026
            Albany, New York

LAWRENCE E. KAHN
United States District Judge

9